## LONG v. EASLY.

1. When the creditors of an insolvent estate, fail to nominate to the court an individual as a fit person to be appointed administrator, the court may appoint one.

2. An administrator of an insolvent estate, appointed since the passage of the act of 1843, may call on the administrator in chief, in the orphans' court, to account for the assets in his hands, and if he obtains a decree, may sue out execution upon it, notwithstanding the administrator in chief was appointed, previous to the passage of the act of 1843.

3. In a proceeding by the administrator *de bonis non* of an insolvent estate, against the administrator in chief, who had been removed, to obtain the assets in his hands, it is not necessary to make the heirs, or distributees parties.

4. No objection can be taken in the appellate court, for the allowance, or re-

jection of any item of the account, or for the failure to allow commissions, unless an exceptive allegation be filed in the orphans' court, showing the ground of the admission, or rejection.

Error to the Orphans' Court of Talladega.

THE plaintiff in error, was appointed administrator of the estate of William Long, by the orphans' court of Talladega, in November, 1841, and entered upon the execution of the trust. In September, 1842, upon his report, the court declared the estate insolvent. In February, 1844, in obedience to a citation, he filed his accounts, and vouchers, for a final settlement, and in April succeeding, on motion of his securities, was removed from office, and Solomon Spence, sheriff of the county, was *ex officio*, appointed administrator *de bonis non* of the estate. Nothing further appears to have been done, until the 7th December, 1846, when the defendant in error, sheriff of the county, and successor of Spence, was appointed administrator *de bonis non*.

On motion of the defendant in error, made in April, 1847, an order was made, that the account, as stated by Long, and filed in the court, be reported for allowance, at a time designated—that three weeks notice thereof be given in a newspaper published in Talladega, that the account would be allowed on that day, unless cause was shown to the contrary. The record states, that the deceased left a widow, and children, who are all minors, and some of whom, with their mother, reside in the State of Tennessee.

At an adjourned term of the court, the plaintiff, and defendant in error, appeared by attorney, and the court rendered a decree for the amount of the sales, as shown by the account, and interest, in favor of the administrator *de bonis non*, against the plaintiff in error; and directed execution to issue. To reverse this decree, this writ is sued out.

The errors assigned are—

1. The court erred in requiring the plaintiff in error to come to a final settlement with the defendant in error, as administrator *de bonis non*, as it appears that Solomon Spence was appointed administrator, and it does not appear that he was removed, or that he has in any way settled his account.

2. The court erred in rendering the final decree, which appears of record.

3. The court erred in not allowing the account current as filed, and shown in the record.

L. E. PARSONS, for the plaintiff in error.

The decree is erroneous, because execution is ordered to issue. Previous to the act of 1830, final decrees could be rendered in favor of distributees, but no execution could issue thereon. By the act of 1830, execution may be awarded on final decrees, in favor of heirs, distributees and legatees. Clay's Dig. 304; Willis v. Willis, 9 Ala. Rep. 721.

Prior to the act referred to, obedience to decrees was enforced by attachment, as were decrees in chancery, until executions were authorized to be issued thereon by statute.

The act of 1843, Clay's Dig. 144, § 9, only authorizes an administrator *de bonis non*, when appointed administrator according to the provisions of that act, to recover of the administrator in chief by any proper action. But that statute does not authorize an execution, if the proceedings be in the orphans' court. But it is contended, that this estate is not in a course of settlement under that act as an insolvent estate. The decree of insolvency was rendered in September, 1842, before the passage of that act, and the act of 1843 intended to introduce a system of rules entirely new. 8 Ala. 457.

The act of February, 1846, authorizes a decree in favor of an administrator *de bonis non*, but does not authorize an execution thereon.

The provisions of the act of 1843, in regard to insolvent estates, do not apply to this case. See 5 Ala. Rep. 125; 7 Ala. Rep. 924.

The parties entitled to distribution, are minors, and the statute requires they shall be notified as in cases of non-residents, in chancery causes. The order of publication is for three weeks, and the rule in chancery is, that publication be made for not less than four consecutive weeks, and also posted at the court house door, &c. Every party entitled to a distributive share, must be brought before the court in some mode, before a valid final settlement can be made. See 7 Ala. Rep. 15.

31

It was the duty of the judge, to allow the account as•stated, unless objected to. Clay's Dig. 226. The reason of charging the administrator Long with Flack's note was, that Flack's note, and security, were not in accordance with law. The administrator is the judge of the security, and if he errs in this, he is liable on his bond, but cannot be proceeded against in this summary way. Commissions should have been allowed to Long, and Flack's note should not have been charged to him. See 1 Ala. 594; 5 Ala. 128.

S. F. RICE, contra.

Although the estate was declared insolvent, in September, 1842, yet after the passage of the act of 1843, the estate being insolvent, had to be conducted by the rules and provisions of that act. See 7 Ala. 923.

But whether this estate be conducted by the rules of the act of 1843, or not, by the act of 1846, the final decree rendered in this case, in favor of the administrator *de bonis non*, is authorized, and execution may issue thereon.

The plaintiff in error was properly chargable with Flack's note, for if not collected, it is owing to the plaintiff's gross negligence, and he is chargable with it. 9 Ala. Rep. 434; 8 Ala. Rep. 27. His conduct deprives him of all claim to commissions, but he cannot review the items of which the decree is composed, or the refusal of the orphans' court to allow him commissions, or particular credits, without showing he objected to the action of the court in reference to them, and spread his objections on record, in the nature of a bill of exceptions. See 5 Ala. 117; Powell v. Powell, 10 Ala. 900, 914.

DARGAN, J.—The first assignment of error is, that the court erred in refusing the plaintiff in error to come to a final settlement of his administration, with the defendant. The plaintiff in error was the administrator in chief of William Long, deceased, and in September, 1842, declared the estate insolvent. In March, 1844, he was removed from office for failing to give new securities, his securities having surrendered him, and Solomon Spence, sheriff of Talladega county, was appointed administrator *de bonis non*, by virtue of his of-

fice.    Nothing appears to have been done by him in refer-
ence to the estate, and his term of office as sheriff having ex-
pired, the defendant in error, by virtue of his office as sheriff,
was appointed administrator *de bonis non*, in the stead of
Spence.

The grant of letters of administration to Spence was or-
dered to attach to his office, and not to his person.    When
his office as sheriff expired, his authority, and office as ad-
ministrator ceased, and there was then no administrator of
said estate, and the duty again devolved on the court to ap-
point another.    But it is said, that by the act of February,
1843, (Clay's Dig. 193,) the creditors had the right to nomi-
nate the individual, whom the court should appoint adminis-
trator *de bonis non*, and they not having done this, the ap-
pointment of the defendant, must be considered as made un-
der the laws existing previous to the act of 1843, and if so,
no decree against the plaintiff in error could be rendered in
favor of the defendant, on which execution could issue.    I
do not think it material to inquire, whether the creditors of an
estate declared insolvent, previous to the passage of the act
of 1843, have the right to nominate to the court the person
to be appointed administrator *de bonis non*, on the removal,
or resignation of the administrator in chief.    Whether they
have that right or not, the jurisdiction of the orphans' court,
to appoint an admistrator *de bonis non*, is not affected by the
existence, or non-existence, of that right in the creditors:
and indeed, by the act of 1843, in those cases, where the
rights of the creditors to elect, or nominate the individual
whom the court shall appoint is indisputable, if they fail to
make the selection, or if for any cause whatever, there is no
one nominated by the creditors, the court may continue the
administrator in chief, or may appoint the general adminis-
trator of the county, if there be one ; or the sheriff of the
county, if there be no such general administrator.    When
therefore, the administrator in chief is removed, or resigns,
and an administrator *de bonis non* is appointed, the appoint-
ment confers upon him the same authority over the estate,
that the law gives to any administrator *de bonis non* of an
insolvent estate ; and he is entitled to all the remedies to re-
duce the estate to possession, that are given to any adminis-

trator *de bonis non.* Hence it is only necessary to inquire, whether an administrator *de bonis non,* of an insolvent estate, appointed since the act of 1843, can call on the administrator in chief to account to him for all the assets in his hands, or that have come to his hands, and in the orphans' court obtain a decree against him, on which execution can issue.

By the act of February, 1843, (Clay's Dig. 194, § 9,) it is enacted, that whenever an administrator *de bonis non* shall be appointed according to the provisions of this act, any former grant of letters of administration, shall be thereby revoked, and all the goods, chattels, and *choses in action,* money, and other personal effects, shall be vested in such administrator; and he shall be entitled to demand and receive, from the former administrator, or executor, all moneys, found due and owing from him to said estate, and all such goods, chattels, *choses in action,* and other personal estate, and deeds, and other evidences of title to real estate; and he may recover the same, by any proper proceeding, or action, either in the orphans' court, or in any court of common law, or equity, against such former administrator, or executor and his securities. This act gives the administrator *de bonis non* the right to recover of the administrator in chief, any moneys in his hands belonging to the estate. If it gives the right to recover, could we stop at obtaining a decree, and say, that no execution can issue? To recover, means to reduce to possession, or the statute would be nugatory so far as it gives the right to recover, in the orphans' court. But in our opinion, this act authorizes the issuance of any process suited to the nature of the decree that may be rendered; and if a decree be for a sum of money merely, then an execution may issue thereon.

We come therefore to the conclusion, that the appointment of the defendant in error, is valid; that the grant of letters of administration to him, gives the right to administer the estate, as an insolvent estate, and that the orphans' court had jurisdiction to render a final decree against the plaintiff in error, in favor of the defendant, on which an execution could issue.

It is also contended, that the heirs and distributees of William Long, should have been notified of the final settle-

ment, in the same manner that absent defendants in chancery are made parties.    This is not necessary.    We have seen that the defendant in error, by virtue of the act of 1843, may proceed to collect from the administrator in chief, all moneys by him received that were of the estate, and that he might proceed, either in the orphans' court, or in any court, of law or equity.    This, therefore, is a controversy directly between the administrator *de bonis non*, and the administrator in chief, in which the heirs and distributees have no interest. The estate being declared insolvent, all the effects are vested in the administrator *de bonis non*, for the purpose of paying the creditors in the manner prescribed by the statute.    Their rights are represented by the administrator *de bonis non*, and if he, and the administrator in chief, are before the court, either at law or in equity, no other party is necessary, if the object of the suit be merely for the purpose of recovering the assets in the hands of the administrator in chief.    But even on the supposition that there may be a contingent interest in the heirs and distributees, if the estate should be more than sufficient to pay the debts, yet as the act of 1843 gives to the administrator *de bonis non* the right to sue and recover of him, all assets in his hands, it follows, that no other person is a necessary party to the suit between the administrator in chief, who is removed, and the administrator *de bonis non;* and as both these were before the court and appeared by attorney, there is no error for want of parties.

The third and last question we shall notice is, that the court should have allowed the plaintiff in error commissions, and other items of credits, and should have adopted his account as returned by him, as there were no objections to it. We cannot *re-audit* the accounts in this court ; if the court below did not allow commissions to the plaintiff in error, or if any item of credit was rejected, that should have been allowed, or if the plaintiff was charged with any amount which he ought not to have been charged with, it was his duty to have made his objections in the court below ; to have shown the grounds, or the evidence on which the objection was founded, and to have spread those objections on the record, which might be done by way of a bill of exceptions. But in the absence of all proof, of the reasons why particular

items were allowed, or disallowed, and of all objections in the court below, there is nothing for this court to review. In the case of Clark v. West, 5 Ala. Rep. 117, this question was settled. It was determined in that case, that on the final settlement of an insolvent estate, if an improper charge is made against the administrator, or if he is held to account for assets not connected with the administration, that the only mode by which he could revise the action of the court, was to raise the question by exceptions, taken to the judgment of the court; and if no exceptions were taken in the court below, this court could not examine the question raised here for the first time. This decision seems to settle the practice, and indeed, there could not be any other rule of practice, as we should not be able here, to see the evidence on which the court below acted. After the best examination we have been able to give this case, it seems to us, there is no error, and the decree of the orphans' court is affirmed.