## ROQUEMORE vs. THE STATE.

1. An indictment for playing cards "*at a public place*" is sufficiently definite.
2. A back room occupied by the Register in Chancery as a bed-room, adjoining the front room, which was his office, and communicating with it by a door, *is not a public place* within the statute against gaming, it being shown that the house was surrounded in the rear by a high fence; that the playing took place at night, when the doors were locked and the windows closed; that the persons present, about eight in number, came by invitation from the occupier of the room, and that they entered through a back door, and not through the public office.

Error to the Circuit Court of Barbour. Tried before the Hon. John D. Phelan.

P. T. Sayre, for plaintiff in error :

1. The indictment is bad for uncertainty. The allegation is that

the playing took place at a public place, without designating the character of the public place.

The rule is, that where a general term is used in a statute creating an offence, in connection with words more precise and definite, the indictment must charge the offence in the particular words used in the statute.—The State v. Raiford, 7 Port. 101; The State v. Plunkett, 2 Stew. 11.

2. The nature of the public place should have been alleged in the indictment, so that the court could have determined whether it was a public place or not.—The State v. Turnipseed, 6 Ala. 667; The State v. Click, 2 ib. 26; The State v. Raiford, 7 Por. 101; The State v. Mayhew, 2 Ala. 340; The State v. Stacky, 2 Blackf. 289.

3. The indictment must contain a specific description of the offence.—Arch. Cr. Law, 53.

4. There are three sorts of public places: 1. Public places *per se*. 2. Public places created by statute. 3. Places made public by an assemblage of people. In order to convict the defendant, therefore, it was necessary to prove that the playing took place at some place which would come under one of the above descriptions of public places.

5. The proof is that the playing took place in a lawyer's office, at night, with closed doors, and a few invited friends present. It is precisely similar to the case of Clarke v. The State, (12 Ala. 492.) The object of the statute was not to prohibit card playing entirely, but to prevent it in certain places, where the example might be injurious.

6. The fact that the lawyer in whose office the playing took place, was also register, cannot change the aspect of the case. The office of register, it is true, is a public one, but the place where the books are kept is not necessarily public. In this case the office belonged to the register, and he for convenience kept the books there.

But the register swears that the front room was used as the law office, and as the register's office, and that the back room was used as his bed chamber.

But even if the fact of that building being used as a register's office constituted it a public place, it would only be public during business hours.

A bank is a public place during banking hours, but it would

Roquemore v. The State.

scarcely be held that a room used by an officer of the bank as a bed chamber, after banking hours, or even before, would come within the prohibition of the statute against gaming.

ATTORNEY GENERAL, for the State :

1. The indictment in this case contains every thing which is required by the statute.—Clay's Dig. 433, § 11; Coggins v. The State, 7 Por. 265; Com. v. Butts, 2 Vir. Cas. 18; The State v. Atkins, 1 Ala. 180. The principle decided in 18 Ala. (The State v. Pennington, et al.) does not apply to this case.

2. Was the playing at a public place? It was at a lawyer's office, and also the office of the register in chancery.

There are two kinds of public places—one public of itself, the other made public by an assemblage of people. Every place where the people have a right to go is a public place, per se.—3 Leigh. Persons having business with the register in chancery have a right to go there, either in the night or day.

It may be contended that although the office of register and master in chancery might be a public place per se, in the day time and during business hours, yet at night it lost that character. The evidence no where shows when his business hours were. The law prescribes no particular business hours for this officer. He may have prescribed some for himself, and for that purpose preferred the night to transact chancery business.

Besides, this officer has conferred on him, by our statutes, the right to exercise many powers, which under the English chancery system belonged to the chancellor, or a court of chancery. To that extent the register is a chancellor, presiding over a court, which like the chancery court of England, was always considered open and in perpetual session. If so, how can the office of such an officer, (or court to some extent,) be any thing else than a public place per se ?—Coleman v. The State, 13 Ala. 602 ; Walker v. Com. 2 Vir. Cas. 515; Windsor v. Com. 4 Leigh 680 ; Campbell v. The State, 17 Ala. 369.

COLEMAN, J.—The indictment in this case charges that the defendant played a game of cards at a public place, &c. The defendant insists that the place ought to be so described in the indictment that the court could determine whether it was a public place.

Without the aid of the statute it is probable the averment would be insufficient, but we think the indictment clearly sustained both by the letter and policy of the statute. By the 8th section, chapter 6th, of the penal code, it is enacted that "if any person shall play at any tavern, inn, store-house for retailing spirituous liquors, or house or place where spirituous liquors are retailed, or given away, or any public house or highway, or any other public place, or in any out house where people resort, at any game of cards," &c. Section 11, of the same chapter, declares, that on the prosecution of any person for gaming, against the provisions aforesaid, it shall be sufficient for the indictment to charge that the person so offending did play at cards, &c., in some of the places above specified. A public place is certainly enumerated among the places above specified, and thus it appears the statute has declared it shall be sufficient for the indictment to charge that the defendant played at cards in "a public place."

We think, however, that the court erred in charging the jury that the place at which it was proven the playing occurred was a public place. In the case of Clark v. The State, (12 Ala. 492,) the court decided that the office of a physician, where he exhibited his medicines, received professional calls at all times, and being unmarried, ate, and slept, is not a public place within the statute against gaming, the playing being at night, with closed doors, and a few friends present by invitation. In this case the playing occurred in the night time, in a back room, where C. Rist, the Register in Chancery, slept, which adjoined and communicated by a door, with a front room, which was the said register's office; that said back room was surrounded in the rear by a high fence, the doors were locked, the windows closed, and about eight persons present by invitation of Rist, and that these entered by a back door, and not through the public office. We consider a room in which every one having business has a right to enter, such as the register's office in this case, a public place; but his bed-room, where none had a right to enter, unless invited by the owner, was not a public place. I think the case above referred to, much stronger against the State than this, and the principle there held decisive of this case.

The judgment is therefore reversed, and the cause remanded.