Smith v. The State.

## SMITH vs. THE STATE.

1. When an indictment containing four counts charges the defendant with playing cards " at a highway," " at a house where spirituous liquors were retailed," " at a public place," and " at a public house," while the evidence shows that the playing took place in a hollow more than one hundred yards from a house where spirituous liquors were retailed, and where the persons who were present at the playing had been drinking; that two persons first went to the hollow, and while they were playing the defendant and three others came; that they could not be seen from the grocery, nor from the road, which was a public one, nor could they see the road or grocery from the hollow; that witness had never, before or since, seen any playing at that place, and that there were no marks or signs of persons' having played there before, the evidence will not support a conviction under any one of the counts in the indictment.

Appeal from the Circuit Court of Marion.

Tried before the Hon. B. W. HUNTINGTON.

E. W. PECK, for the plaintiff in error.

A. MARTIN, for the Attorney General, *contra.*

PHELAN, J.—The defendant below was indicted for play-ing at cards. The indictment contains four counts : 1st. for playing "at a highway ;" 2nd. for playing " at a house where spirituous liquors was then and there retailed;" 3rd. for playing " at a public place;" and 4th. for playing "at a public house."

On the trial the State introduced a witness, who testified, that within twelve months before the finding of the indictment, he saw the defendant play at a game of cards. He further stated that said playing took place in a hollow between one hundred and one hundred and fifteen yards from a house where spiritu-ous liquors were retailed; that he and one other went to that hollow first, and were playing cards when the defendant and three others came, and defendant and one of them played one game; that they could not be seen from the grocery, nor the road which was public, nor could they see the road or grocery from said hollow ; that he had never seen any playing at that place, before or since, and that there were no marks or signs of persons having resorted there or played there before. Witness could not say, on cross-examination, whether or not any person lse was at the grocery, except the five persons above mentioned. There was evidence going to show that those persons who played had been at the grocery drinking before the game was com-menced."

" Upon this evidence " the court charged the jury as follows:

" If the jury believe from the evidence, that the playing took place in the hollow about one hundred yards from the grocery, in the day time, while the grocery was open for the retailing of spirituous liquors ; that there were a number of persons as-sembled at the grocery for amusement or drinking about the time, or just before the playing commenced, and that those per-sons or the greater part of them, to the number of five or six, withdrew for the purpose of playing cards, or witnessing a game of cards, to the hollow spoken of, and there played, or witnessed

the same, being sufficiently convenient to the grocery for the purpose of drinking or being supplied with spirituous liquors, and of being joined by other persons that might visit the grocery while the game was going on, that the defendant is liable to a conviction under this indictment, if he joined in the game."

To this charge the defendant excepted, and the same is assigned for error.

We think the charge erroneous, for the reason, that the proof adduced did not show that the playing was done in any of the places charged in the indictment, and no conviction could be had without this under this indictment.

To contend that a hollow from one hundred to one hundred and fifteen yards distant from a grocery or public highway, at a point where the persons playing can neither see the highway or grocery, or be seen from them, is "at" the grocery, "or at" the highway, in the sense intended in the statute against unlawful playing "with cards or dice at any tavern, inn, &c." Clay's Dig. 432, § 8, would be manifestly to extend a criminal law by construction, rather than to confine it, which has always been the rule when the terms of such a statute have been open to construction at all.

There is nothing in the record which will admit of the argument, that the playing was at a "public house," other than the house where liquors were retailed, and that has been disposed of by the foregoing remarks.

The only other place that remains under this indictment is "public place;" and the question arises, was this hollow, one hundred yards or more distant from the grocery, and out of sight of that and the road, at a place not previously resorted to, and where five or six persons were present, a *public place* within the meaning of this statute against card playing? (Clay's Dig. 432, § 8.) We cannot agree that it was. The case of the State v. Bythwood, 21 Ala. 47, was very similar in its facts to this case. There the place where the playing took place was about "four hundred yards" distant from a store and the highway, but out of sight, in a hollow, and the persons present were eight in number. In both cases, the places where the parties played had not been previously resorted to for card playing.

We say in that case: "The facts and circumstances which distinguish this case do not, in our opinion, make the place where

4

the playing took place a '*public place*' within the meaning of the statute.    These persons went to that hollow evidently to be out of the way of observation, to be in fact *concealed* from the public view; and it is not reasonable to hold that their being there made that retired and secluded spot a *public place*, merely because they went to play cards, when, as has been shown, the evil intended to be arrested was not the card playing itself, but the effect of the example upon others."

These observations, we think, will apply to this case ; and the charge of the court, which, in effect, declares that the hollow where the playing took place was a *public place*, was erroneous.

The charge has been objected to on other grounds, but we do not deem it necessary to notice them, as this disposes of the case.

Let the judgment be reversed, and the cause remanded.