# Russ *v*. The State.

*Prosecution for Gaming under Code, § 4792.*

(Decided February 13, 1902.)

1. *Gaming; complaint; when insufficient; public place.*—A complaint which charges the defendant with playing at a game of cards or dice "at a place in a pasture made public by meeting for the purpose of playing at a game with cards or dice," is insufficient, as it neither charges in terms that the place was a public place, nor avers facts which necessarily constitute the place a public place within the language of the statute (Code, § 4792.)

2. *Gaming; what constitutes public place; meeting of persons at place abstractly private.*—For the meeting of persons in an abstractly private place, for the purpose of gaming, to convert such place into a public place for the occasion, the meeting must be attended in such numbers and under such circumstances of publicity as imply a right and privilege and opportunity on the part of people generally in the vicinity to attend.

3. *Gaming; public place; prior meetings at private place.*—For other and prior meetings at a private place to have the effect of converting it into a public place in respect of a game of cards, subsequently carried on there, such other and prior meetings must have been of such character and so repeated and continued up to near the time of the subsequent playing counted on as to stamp the place with such attributes of publicity as involves the idea of a meeting place for the neighborhood.

4. *Gaming; what is not a public place.*—A strip of woods a quarter of a mile long, in a pasture, and about a mile from a public road, near a gully and not near any public place at all, where negroes had been seen playing cards once before, and in the direction of which negroes had been seen to go on several occasions, is not a public place within the meaning of section 4792 of the Code.

[Russ v. The State.]

APPEAL from Pike Criminal Court.

Tried before Hon. T. L. BOROM.

Will Russ was convicted of gaming, and appeals. The opinion shows the material facts.

WORTHY & CARROLL, for appellant, cited *Smith v. State*, 23 Ala. 39; *Bythwood v. State*, 20 Ala. 47; *Coleman v. State*, 20 Ala. 51; *Windham v. State*, 26 Ala. 69; *Skinner v. State*, 87 Ala. 105; *Wickerd v. State*, 109 Ala. 45; *Smith v. State*, 52 Ala. 388; *Cain v. State*, 30 Ala. 534; *Downey v. State*, 110 Ala. 99; *Burdine v. State*, 25 Ala. 60; *Sanders v. State*, 25 Ala. 63; *Sherrod v. State*, 25 Ala. 78; *McCauley v. State*, 26 Ala. 135; *McDaniel v. State*, 35 Ala. 390.

CHARLES G. BROWN, Attorney-General, *contra*, cited *Campbell v. State*, 17 Ala. 369; *Coleman v. State*, 20 Ala. 51; *Henderson v. State*, 59 Ala. 89; *Smith v. State*, 52 Ala. 384; *Nichols v. State*, 111 Ala. 60; *Windham v. State*, 26 Ala. 70; *Thompson v. State*, 99 Ala. 174; *Drake v. State*, 68 Ala. 508.

McCLELLAN, C. J.—The complaint on which appellant was tried charges no more than this, that the defendant, Will Russ, about September 12th, 1899, played at a game of cards or dice, "at a place in a pasture made public by meeting for the purpose of playing at a game with cards or dice." This is neither a charge in terms that the place was a public place, nor the averment of facts which necessarily constituted the place a public place within the language of the statute. A pasture is not a public place *per se*, nor does the fact that there was at the time of the alleged offense a meeting of two or more persons in a pasture for the purpose of playing at a game of cards or dice, nor the facts of such meeting on that occasion and of another such meeting there on a former occasion make it a public place necessarily and as matter of law. For the meeting of persons in an abstractly private place of the character of place involved here for the purpose of gaming to convert such place into a public place for the occasion, the meeting must be attended in such numbers

and by such circumstances of publicity as imply a right and privilege, and opportunity on the part of the people generally in the vicinity to attend. For other and prior meetings at an otherwise private place such as this to have the effect of converting it into a public place in respect of a game of cards subsequently played there, such other and prior meetings must have been of such character and so repeated and continued up to near the time of the subsequent playing counted on as to stamp the place with such attributes of publicity as involves the idea that people of the vicinage may and are likely to go there at will—the idea of a meeting place for the neighborhood. Within these principles, the complaint alleges no such meeting at the time of the gaming counted on as constitutes the place a public one for that occasion nor any such prior meetings there as impressed the character of publicity on the place irrespective of the character of the meeting at the time of the gaming charged against the defendant. The facts averred in the complaint, therefore, fail to support the conclusion of the affiant therein stated that the place was "made public," etc., etc. The demurrer to the complaint should have been sustained.

The testimony supposed to have a tendency to prove the charge against the defendant offered on the trial was that of the witness J. H. McClure as follows, that about the 12th of September, 1899, he saw the defendant engaged in a game of cards, "that the place where he saw the defendant in a game of cards was in a strip of woods in his [witness'] father's pasture, and was about one mile from any public road, near a gully and was not near any public place at all, that he had seen negroes playing cards near this same spot on one occasion before this, and that he had seen several times negroes going down in the direction of the strip of woods in his father's pasture, and that the strip of woods was about a quarter of a mile in length." Recurring to the principles declared above in respect of what is necessary to convert such a private place as this into a public place and applying them to the evidence, the conclusion must be that taking the facts as stated and allowing for all

[Boyett v. The State.]

legitimate inferences that may be drawn from them, they fail to show or authorize the jury to conclude that the place where defendant played the game of cards was a public place within the terms of the statute. The criminal court should, therefore, have given the affirmative charge requested by the defendant.

Reversed and remanded.