# Riggins v. The State.

*Permitting Minor to Loiter About Poolroom.*

(Decided April 24, 1913. 62 South. 295.)

*Infants; Places of Amusement; Poolroom; Question for Jury.* —Where the evidence tended to show that the defendant kept a pool room and knew that a minor was in the room standing around a pool table with a cue in his hand, and made no objection until another person had remonstrated with the minor whereupon, defendant told the minor that he could not play there, it was a question for the jury, whether or not defendant was guilty of knowingly permitting a minor to play or loiter on the premises used as a poolroom in violation of section 6992, Code 1907.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Newton Riggins was convicted of permitting a minor to loiter about a poolroom, and he appeals. Affirmed.

MIDDLETON & REYNOLDS, for appellant. The evidence did not warrant a conviction under section 6292, Code 1907, and the court erred in refusing to direct a verdict for defendant.

[Riggins v. The State.]

R. C. Brickell, Attorney General, and W. L. Martin, Assistant Attorney General, for the State. Under the evidence it was a question for the jury whether the defendant was guilty as charged, and the court properly submitted that question to them.

WALKER, P. J.—"Any person operating or managing a billiard or pool table on which the public can play, whether for pay or not, who knowingly permits any minor to play thereon, or loiter on the same premises, must, on conviction, be fined not less than fifty dollars."—Code, § 6992. The indictment in this case charged the commission of the offense created by the statute just quoted. There was evidence tending to prove that one who was a minor to the knowledge of the defendant was in the latter's poolroom, in which the public played pool, with a cue in his hand and standing around the pool table; the defendant at the time being in the same room, and knowing what the minor was doing, and making no objection thereto until, upon another person coming in and remonstrating with the minor because of his conduct, the defendant told the minor that he could not play in there, whereupon the minor walked out. While the evidence was to the effect that it was only a very short time before this occurrence that the defendant had entered the poolroom and became aware of what the minor was doing, yet it cannot be said of the evidence that it furnished no support for a finding that the defendant knowingly permitted the minor to play on his pool table or to loiter in his poolroom. The question was one for the jury, and the court properly refused to give the written charge requested by the defendant.

Affirmed.