# Gwin *v.* Hopkinsville Milling Co.

## *Assumpsit.*

(Decided November 7, 1914.  Rehearing denied December 17, 1914.
67 South. 382.)

1. *Sales; Contract; Breach; Pleading.*—Where the action is by the seller for the breach of an unexecuted contract of sale, a plea setting up a resale by the seller, without averring that the contract price was obtained, or what price was realized, is not a plea in bar, but goes only to the measure of damages.

2. *Same; Remedy of Seller; Resale.*—Where a buyer repudiates his contract and refuses to receive the goods, a resale of the goods by the seller is not necessary to fix the buyer's liability, but such a resale could be made to ascertain the damages.

3. *Same; Evidence; Instructions.*—Where the action was for a buyer's breach of contract of sale, and the evidence showed that the buyer was non-committal as to whether he would accept the goods until a designated time, and the seller was at all times ready, able and willing to deliver under the contract, and a resale was not made until after the designated date, a charge that the time within which the buyer was obliged to order the goods and the time the seller was bound to hold them, extended to such designated time, was correct.

4. *Same; Measure of Damages.*—Where a buyer repudiates a contract and refuses to receive the goods, the measure of damages is the difference between the contract price, and the market value of the goods at the time and place of delivery.

5. *Same; Place of Delivery.*—A contract under which the buyer bought goods at a designated place in Kentucky, at a fixed price, cost and freight, and which provided that a furnishing of a bill of lading issued by the carrier should be a delivery and completion of the sale, fixed the place of delivery at the place designated in Kentucky.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Assumpsit by the Hopkinsville Milling Company against J. C. B. Gwin and others.  From a judgment for plaintiff, defendants appeal.  Transferred from Court of Appeals.  Affirmed.

The action was for breach of an agreement to buy 1,000 barrels of flour, to be shipped at a reasonably

postponed date to be selected by defendant. The market price of the flour at the date of the breach of the contract on May 24, 1911, is alleged to be $4.40 per barrel delivered, and that the flour was sold in the market at $4.05. The contract is set out. Plea 3 is as follows:

The contract sued upon and the basis of this action contain the following stipulations: "Failure to order out flour on demand of shipping instructions at the expiration of the maximum 90-day period, or to pay accrued carrying charges on demand, gives the seller the right to cancel contract, or resell the goods for buyer's account." And defendants aver that they failed to furnish shipping instructions on demand of plaintiff within the maximum 90-day period, and thereupon the plaintiff exercised its right to resell flour for defendant's account, plaintiff should not and cannot recover under any count of the complaint each of which claimed damages for failure to order out flour or to pay the carrying charges therefor.

The following is charge C, given at plaintiff's request: Under the law of, and the evidence in, this case the time within which the defendants were obligated to order out the flour and the time for which plaintiff was bound to hold the flour subject to the order of defendant extended to May 24, 1911.

The following is charge A, refused to defendant: The measure of damages in this case is the difference between the contract prices of Perfection flour and reasonable market price of same flour at Bessemer and Ensley, on date of breach of said contract, if contract was breached.

The last two assignments of error are as follows: Question by defendant to witness McLemore (objection of plaintiff sustained): "I will ask you if, accord-

ing to the rules and regulations of the Southeastern Miller's Association, its members are allowed to make a contract for the sale of flour for a future delivery beyond a period of 90 days from date of contract?"

Question by plaintiff to S. C. Johnson (defendant's objection overruled): "Did you ever have a contract with the Bessemer Grocery Company for future delivery of shorts or flour with the Bessemer Grocery Company, where they were not to give you shipping instructions?"

PERRY & BAUMGARDNER, for appellant.

. LONDON & FITTS, for appellee.

GARDNER, J.—This is the second appeal in the cause.—*Hopkinsville Milling Company v. Gwin et al.,* 179 Ala. 472, 60 South. 270.

The suit is by the vendor (appellee) against the vendees (appellants) for recovery of damages for breach of an executory contract for the sale of 1,000 barrels of flour. A copy of said contract appears in the report of the former case on former appeal, supra.

(1) Demurrer was sustained to plea 3, and this is the assignment of error first insisted upon by counsel. This plea purports to be in bar of the action and a full and complete defense thereto. The plea sets up a resale of the flour by the seller, but does not aver that the contract price was obtained, nor what price, in fact, was realized.

It seems to be the insistence of appellants that the plea shows an election on the part of the seller, and that therefore the present action cannot be maintained. We do not agree, but are of the opinion that the plea merely shows a resale as a method of proving the value

and therefore that it goes only to the measure of damages.

Speaking to this subject, it is said in Mechem on Sales, vol. 2, § 1649: "The remedy of the seller, where the title has not passed, being thus primarily a personal one for the recovery of damages, and those damages being, as already stated, ordinarily the difference between the contract price and the market value of the goods, it become material to show what that market value is. Two methods of proving this value are available to the plaintiff: (1) He may call witnesses familiar with the market to testify what the market value of the goods in question was at the time and place in issue; i. e., what, in their opinion, the goods would have sold for, if they had been put upon the market. (2) He may himself proceed to sell the goods in the market, and may then show what, in fact, they did sell for. The purpose of this sale by the vendor is to make evidence for himself of a matter of fact, rather than to rely upon what must otherwise be somewhat a matter of conjecture or opinion."

(2) And in *West v. Cunningham,* 9 Port. 104, 33 Am. Dec. 300, we find this quotation: " 'A resale was not necessary to fix the liability of the defendant for a breach of contract, and the action, in another form, could have been maintained, without showing a resale; it might be one mode of ascertaining the amount of damages, perhaps the best, but certainly not the only way of ascertaining the same.' "

The plea went only to the measure of damages, and did not traverse or confess and avoid the complaint, and was therefore not a plea in bar to the action, as it purports to have been.—2 Mechem on Sales, §§ 1692, 1647, 1678; *West v. Cunningham, supra; Hardwick v. American Can Co.,* 113 Tenn. 657, 88 S. W. 797.

(3) There was no error in sustaining the demurrer to this plea. When the case was here on former appeal it was held that refusal of the defendants to order out the flour on May 24th constituted a breach of the contract for which the vendor could sue. An examination of the transcript on that appeal discloses that the evidence in the record then before the court was substantially the same as in the present transcript, and there appears no reason for this court to recede from the opinion on former appeal. The attitude of the defendants appears to have been non-committal as to whether they would accept the flour until the above date of May 24th; and a readiness and willingness on the part of the plaintiff, all along, to ship the flour under contract, also appears from the record.

Under the evidence in the case, and under former ruling in this cause, we find no reversible error in giving charge C at plaintiff's request.

We find no evidence of a resale of the flour, except that of the witness Yost, for the plaintiff, which shows that the flour was not sold until after May 24th, and therefore not until after the breach of contract by defendants. The letter referred to by defendants' counsel on page 31 of the transcript does not show any sale of the flour. Many of the charges asked by the defendant were based upon an assumption of a resale, and were inconsistent with the measure of damages fixed by this court on former appeal, and were properly refused.

(4) The general rule as to the measure of damages when the buyer repudiates the contract and refuses to receive and accept the goods is that the amount thereof is the difference between the contract price and the market value of the goods at the time and place of delivery.—35 Cyc. 592.

[Gwin v. Hopkinsville Milling Co.]

(5) The contract here under review shows that the defendants bought the flour at Hopkinsville, Ky., price $5.10 c. a. f. (meaning cost and freight), Birmingham, Bessemer, or Ensley; and further provides that the shipment of the purchase, and the furnishing of a bill of lading issued by the common carrier, shall be considered as a delivery on, and a completion of, the sale. Under such contract, the place of delivery was Hopkinsville; and charge A, requested by defendants, was properly refused.

We have not considered it necessary to take up each assignment of error and each charge separately, but we have carefully considered those pressed upon us by counsel in brief. Many of the charges refused were based upon a time of the breach of the contract contrary to the ruling of the court on former appeal; and others, if not otherwise faulty, possessed in their wording a misleading tendency, and were properly refused.

Nor do we find any reversible error in the rulings on the evidence, disclosed by the last two assignments of error.

Finding no reversible error in the record, the judgment of the court below is affirmed.

Affirmed.

McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.