# Whatley v. The State.

## Gaming.

(Decided April 22, 1915. 68 South. 491.)

1. *Appeal and Error; Review; Necessity.*—Where the evidence introduced would not sustain a conviction of the offense charged under a proper indictment, it is not necessary to pass on the sufficiency of the indictment.

2. *Gaming; Indictment; Sufficiency.*—Indictment examined and held not to charge the offense denounced and punished under the provision of section 6991, Code 1907.

3. *Same.*—The provisions of section 6984, Code 1907, do not aid an indictment for an offense under section 6991, Code 1907.

4. *Same; Offense.*—Under the doctrine of ejusdem generis, a house to be within the provisions of section 6991, Code 1907, must be a public house of the same character as the words "Tavern," and "Inn."

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Will Whatley was convicted of gaming or permitting games to be played by minors, and he appeals. Reversed and remanded.

JAMES W. STROTHER, for appellant. · Counsel insists that the indictment does not charge any offense, and that there was no evidence to sustain the first count of the indictment, and hence there was nothing to sustain the judgment of conviction, but he cites no authority in support of his contention.

WILLIAM L. MARTIN, Attorney General, and J. P. Mudd, Assistant Attorney General, for the State. The indictment followed as nearly as possible the words of the statute, and was therefore sufficient. The motion in arrest of judgment was properly overruled as it does not appear from the record that it was made after verdict and before judgment or sentence.—*Hood v. The State,* 44 Ala. 81; *Travis v. The State,* 58 South. 270.

BROWN, J.—No proof was offered on the trial tending to show that any minor played on the defendant's pool table, or loitered on the premises, as charged in the first count of the indictment. Therefore the defendant's conviction cannot be sustained under that count.—Code, § 6992; *Riggins v. State,* 7 Ala. App. 168, 62 South. 295. For this reason we deem it unnecessary to pass upon the sufficiency of the first count. However, it is not improper to suggest that the safer rule, where no form is prescribed, and the language of the statute is descriptive

of the offense, is to follow the language of the statute in charging the offense.—*Lacy v. State,* 68 South. 709.

The second count of the indictment undertakes to charge the offense denounced by section 6991 of the Code, which provides:

"Any person who, being a licensed retailer, or the keeper, proprietor, owner, or superintendent of any tavern, inn, or *other public house,* or any house where spirituous, vinous, or malt liquors are sold, retailed, or given away, or any outhouse where people resort,   *   *   * knowingly suffers any of the offenses prohibited by sections 6983, 6985, 6987, 6988, 6989, to be committed *in his house, or on his premises,*   *   *   *   must, on conviction, be fined," etc.

The second count of the indictment follows:

"And the grand jury of said county further charge that before the finding of this indictment, Will Whatley, being the keeper or proprietor of a public house, did knowingly suffer persons to bet or hazard money, bank notes, or other things of value, at pool, at a table regularly licensed, against the peace," etc.

It requires no argument to show that this indictment charges no offense. There is nothing in the indictment to show where the offense of betting or hazarding "money, bank notes, or other things of value at a game of pool," etc., was permitted to be played, whether in defendant's house or on his premises, or in the house or on the premises of another, and for aught appearing it may have been on the premises of another over which he had no control, and will not sustain the judgment of conviction.—*Perez v. State,* 48 Ala. 357; *Emmonds v. State,* 87 Ala. 12, 6 South. 54; *Mazett v. State,* 11 Ala. App. 317, 66 South. 871.

The averment of the indictment that the defendant "being the keeper or proprietor of a *public house"* is not

sufficient to show that the "public house" of which he was keeper or proprietor was within the statute. The doctrine of ejusdem generis must be applied here, and the house to be within the statute must be shown to be a public house of the same nature or character as those specifically described by the words "tavern" and "inn." —Endlich, Int. Stat. 568-570; 2 Lewis' Sutherland, Stat. Con. 816-818; 3 Words and Phrases, 2328; *Russ v. State,* 132 Ala. 21, 31 South. 550. The correctness of this conclusion is emphasized by the language following the general term "other public house," to-wit:

"Or any house where spirituous, vinous, or malt liquors are sold, retailed, or given away, or any outhouse where people resort," etc.

By virtue of section 6984 of the Code of 1907, a different rule obtains as to indictments for playing at cards or dice at a public place (*Roquemore v. State,* 19 Ala. 528); but that statute does not aid an indictment for an offense under section 6991 of the Code.

· The demurrers to the second count of the indictment should have been sustained.

Reversed and remanded.