(76 South. 416)

ROGERS v. STATE.   (7 Div. 455.)

(Court of Appeals of Alabama.   June 12, 1917.)

GAMING ⟜98(2)—EVIDENCE—SUFFICIENCY—"PUBLIC PLACE."

In a prosecution under Code 1907, § 6983, for gaming, evidence *held* insufficient to justify the conclusion that the place at which the game was played was a "public place" within the meaning of the statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Place.]

Appeal from Circuit Court, De Kalb County; J. E. Blackwood, Judge.

Dock Rogers was convicted of gaming, and he appeals.  Reversed and remanded.

Isbell & Scott, of Ft. Payne, for appellant. W. L. Martin, Atty. Gen., for the State.

BROWN, P. J.   The defendant was convicted of gaming, the offense denounced by section 6983, Code 1907.  The undisputed evidence shows that the defendant engaged in a game of cards with others, and the state contends that this game was played at a public place within the meaning of this section of the Code.  The place where the defendant was detected in the game was within about a mile of the courthouse of De Kalb county, and M. H. Hixon testified:

"Mr. Little and I went to the lower end of town and saw him with six other fellows going down the road, and some one told us that they were getting up a crew to go and play cards. We followed them and waited a while, and then we heard them talking over the bill and slipped right on them. We were in about 25 feet of them before they saw us. They were sitting down in a circle—one boy was standing off and Arthur Owens was standing off to himself. Five of them were sitting around in the circle. I got up and run right up on them. They had a coat spread down upon the ground. They had money on the coat—some 30 cents. * * * There were signs there that looked like some one had been there before that. I had seen people going in that direction before a good deal several times. This place was north of Allen Dewyer's place on the ridge. I don't know whether the road could be seen from where they were; I never was there before. They say there is a road turning off to John Isbell's place. I do not know whether it is a public road or not. It seems to be traveled a great deal. It was closer to that road than to the main public road. No one was standing around there but Arthur Owens and the little Rogers boy."

The witness Little, who assisted the sheriff in making the arrest, testified as to the character of the place:

"I got as near to them as from here to the courthouse door. I could see that they were playing cards. We watched them for a few minutes. I could not say it [the place] had been used for cards. The ground had been tramped around and the leaves raked away and there had been some rock and things piled up that looked like they had been used for seats and there had been a fire built there. There were some empty cans all around there. We followed a trail and went up to where they were. We left the main road and followed. We had trouble in finding it."

This witness further testified that he had never been at this place before, and that he had never seen any one else there, before this time. It was further shown that the defendant and others had been seen going in the direction of this place on several occasions, and in connection with this it was shown that defendant lived over in that direction, and that was his road home.

Applying the principles announced in the case of Russ v. State, 132 Ala. 20, 31 South. 550, we hold that this evidence is not sufficient to justify the conclusion that this place was a public place within the meaning of the statute, and that the defendant was entitled to the affirmative charge.

The judgment of the circuit court is therefore reversed, and the cause remanded.

Reversed and remanded.

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes