(124 So. 743)

**JOHNSTONE et al. v. O'REAR et al.**
**(6 Div. 380.)**

Supreme Court of Alabama.   Nov. 29, 1929.

J. J. Curtis, J. M. Pennington, and R. A. Cooner, all of Jasper, for appellants.

Bolivar B. O'Rear, of Jasper, for appellees.

BROWN, J.   Assumpsit by appellees against appellants on an indebtedness alleged to be due, and arising from the purchase by the defendants from plaintiffs of certain tram cars and a mine pump. The trial was before the court, without the intervention of a jury, and judgment went for the plaintiffs.

No exception was reserved to the conclusions of the court on the evidence, or to the rendition of the judgment, and under the uniform rulings here, assignments of error in respect to the conclusion and judgment of the trial court are without merit. Fruit Growing & W. Ass'n v. Garner, 119 Ala. 70, 24 So. 850; Long v. Easly, 13 Ala. 239; W. U. T. Co. v. White & Son, 129 Ala. 188, 30 So. 279.

We note the fact that the Court of Appeals, in McDonough v. Commercial State Bank, 15 Ala. App. 429, 73 So. 754, and Bryant v. Lane, 17 Ala. App. 28, 81 So. 364, ruled to the contrary, but those rulings were governed by the statute as it stood amended by the Act of September 25, 1915 (Laws 1915, p. 824), containing the provision that "the finding of the court on the evidence shall be subject to review *without exception thereto.*" This provision was dropped in carrying this statute into the Code of 1923, as section 9498, thus manifesting a legislative purpose to re-establish the rule existing previous to the act of

220

1915, as decided in W. U. T. Co. v. White & Son, supra.

■ The ruling of the court on the motion for new trial, however, and the exception reserved thereto, properly present the question of the sufficiency of the evidence to sustain the judgment. The evidence was taken orally in the presence of the court, and is in sharp conflict. That offered by the plaintiffs tends to show that the defendants, as individuals, purchased the property, while the evidence offered by the defendants goes to show that it was purchased by the defendants for the Moore-Mankin Coal Company and the Johnstone-Mankin Coal Company, corporations engaged in mining business at the time, and in which the defendants were interested. The rule of review, under these circumstances, is that the finding of the trial court will not be disturbed, unless the conclusion is plainly contrary to the great weight of the evidence. This cannot be affirmed in the instant case. Ahlrichs v. Rollo, 200 Ala. 271, 76 So. 37.

■ The ground of the motion predicated on newly discovered evidence is without merit. The newly discovered evidence was a written contract signed by the plaintiffs and other creditors of the Johnstone-Mankin Coal Company, which clearly shows that plaintiffs recognized the indebtedness as due and owing from that corporation. This contract was material evidence for the defendants, and would probably have influenced a different conclusion to that reached on the evidence adduced.

The defendant Moore, in support of this ground of the motion, testified: "I located this contract immediately after the hearing of the case, in a day or two. I did not know where it was when the case was heard; it was with my papers, but I didn't know just where; before the other case was tried I did not make it known to my lawyers that I had that contract; that came up after the decision in the case. After a decision of the case, and after I spoke about that, I notified my attorneys that a contract of that kind was in existence somewhere, if it hadn't been lost or destroyed, and they directed me to hunt for the contract, and I made a search for it and found it." This evidence does not acquit the defendants of negligence in failing to discover and produce this contract as evidence on the trial. Illinois Central R. R. Co. v. Johnston, 205 Ala. 1, 87 So. 866; K. C., M. & B. R. R. Co. v. Phillips, 98 Ala. 159, 13 So. 65.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.