(128 So. 174)

## BROWNE v. GIGER.

### 1 Div. 594.

Supreme Court of Alabama.

May 1, 1930.

John E. Adams, of Grove Hill, for appellant.

A. S. Johnson, of Thomasville, for appellee.

BROWN, J.

This case was tried by the court without the intervention of a jury and no exception was reserved to the conclusion and judgment of the court. For this reason the appellee, relying on Johnstone et al. v. O'Rear et al., 220 Ala. 219, 124 So. 743, insists that the judgment should be affirmed.

■ The writer of the opinion in the cited case overlooked section 9502 of the Code, which contains the provision omitted from section 9498, in bringing that section forward into the Code of 1923. The result is that the proposition stated in headnote 1 of the cited case is unsound, and Johnstone et al. v. O'Rear et al., on this point is overruled.

The testimony taken on the trial was in part ore tenus, and is in conflict as to whether or not the lumber, the subject-matter of the controversy, was inspected by the defendant at the mill before the contract for its purchase was entered into, and as to whether or not the fact that there was an excess of 1x4's and short lengths entered into consideration in fixing the price.

■ While it is well settled that if the articles tendered for delivery did not conform to the stipulations of the contract, this armed the purchaser with the right to reject the shipment without liability. Elliott v. Howison, 146 Ala. 568, 40 So. 1018.

■ On the other hand, if the lumber was inspected and purchased, as it was on the mill yard, without regard to the predominance of the narrow widths and short lengths, and these matters entered into the fixation of the price, and this identical lumber was shipped, the purchaser was without legal right to reject the shipment. Mississippi Lumber Co. v. Smith & Co., 152 Ala. 537, 44 So. 475.

There was also evidence tending to show that the purchaser, after he had once declined to accept the shipment, agreed with the vendor that he would take the car lot and dispose of it, and thereafter failed or refused to do so.

■ In view of the conflict in the testimony, we are not able to affirm error in the conclusion and judgment of the court adjudging liability against the defendant.

There is another point, however, on which the case must be reversed.

The plaintiff seeks to recover the difference between the contract price and the amount received by him on a resale of the property, after deducting the necessary costs of freight, demurrage, and the expense of the sale.

The evidence shows that the lumber was sold to Wilson Brothers Lumber Company, Cincinnati, through plaintiff's agent, one Clark, and the only testimony offered in respect to this sale was plaintiff's statement as a witness for himself: "It had been on demurrage about three weeks when I turned it over to Gene Clark. I finally sold it to Wilson Brothers Lumber Company. I have not a statement from them or a tabulation of how they arrived at the amount I got out of it. I don't know how it was figured. I don't know how much the demurrage was. I don't know whether there was any expense in connection with unloading or reloading or selling. I reckon Wilson Brothers unloaded it. All I know is that they sent me $16.00. I don't know what expense they had. I don't know how they arrived at the total amount. They just sent me $16.00 and I accepted it."

■ The general rule is that where the contract of sale is f. o. b. initial point, the title passes on delivery to the carrier. Capehart et al. v. Furman Farm Improvement Co., 103 Ala. 671, 16 So. 628, 49 Am. St. Rep. 60.

■ However, where draft is drawn on the purchaser for the price, and the draft with bill of lading attached is forwarded, though the bill of lading is taken in the name of the purchaser, the title does not pass until the draft is honored and the bill of lading delivered. Garner v. St. Louis, etc., R. Co., 79 Ark. 353, 96 S. W. 187, 116 Am. St. Rep. 83; 24 R. C. L. 45, § 308.

■ It is clear from the evidence in this case, on the principle last stated, that the title to the lumber remained in the vendor, the plaintiff, and if in fact the lumber conformed to the stipulations of the contract, and the purchaser wrongfully refused to accept delivery, while it was not necessary that the vendor resell the property to fix the amount of his loss, under the circumstances he had the right to do so at his own risk in order to minimize the loss, without notice to the purchaser who had breached the contract. Gwin v. Hopkinsville Milling Co., 190 Ala. 346, 67 So. 382; Note 44 A. L. R. 297, 298; 24 R. C. L. 111, § 378.

■ However, in such case, if the vendor relies on the fact of the resale as fixing the amount of his damages, he has the burden of showing that the sale was timely, in good

faith, and conducted with reasonable prudence, and the expenses incident thereto were necessary and reasonable. 24 R. C. L. 111, § 379; Clews v. Jamieson, 182 U. S. 461, 21 S. Ct. 845, 45 L. Ed. 1183; Ashcom, Surviving Adm'r of Moore, v. Smith, 2 Pen. & W. (Pa.) 211, 21 Am. Dec. 437 and note 445.

A different rule as to notice obtains where a technical delivery is effected and the title passes and resale is made by the vendor as the agent of the purchaser and at his risk. In such case the law requires that notice be given the purchaser of the intention to resell at his risk, though it is not necessary to give notice of the time and place of the sale. West v. Cunningham, 9 Port. 104, 33 Am. Dec. 300; Penn & Montgomery v. Smith et al., 98 Ala. 560, 12 So. 818; 2 Mech. on Sales, §§ 1630–1637.

In such case, says Mr. Benjamin, "The vendor's remedy, after a resale made in the absence of an express reservation of that right, is an action on the original contract, which was not rescinded by the resale. And in this action he may either recover as damages the actual loss on the resale composed of the difference in price and expenses, or he may refuse to give credit for the proceeds of the resale, and claim the whole price, leaving the buyer to his counter claim for damages for the resale." 2 Benjamin on Sales (4th American Ed.) § 1176.

The evidence in respect to the resale, which we have quoted, is too indefinite in respect to the price received, elements of expenses necessary and incurred, to afford a basis upon which the damages may be estimated under the rules of law applicable.

While a judgment here might be entered, as insisted by appellant, for nominal damages, still we are of opinion that the ends of justice will be best subserved by a reversal and remandment for new trial. It is so ordered.

Reversed and remanded.

All the Justices concur.