148 So. 748

### ARMOUR FERTILIZER WORKS v. ALABAMA FARM BUREAU COTTON ASS'N.

8 Div. 784.

Court of Appeals of Alabama.
May 9, 1933.

Rehearing Denied June 6, 1933.

Wm. Stell, of Russellville, for appellant.

Key & Key, of Russellville, for appellee.

**BRICKEN, Presiding Judge.**

Appellant brought suit against appellee, for conversion of four bales of cotton. The cause below was tried by the court without a jury and judgment rendered in favor of defendant, from which this appeal was taken.

No exception was reserved to the action of the court in rendering the judgment, and appellee contends, as a consequence, this ruling of the court cannot be here considered. In support of this insistence, the case of Johnstone et al. v. O'Rear et al., 220 Ala. 219, 124 So. 743, is cited. This case fully supports the insistence of appellee, but the holding therein in this connection is unsound and in conflict with the statute. Section 9502, Code 1923, which expressly provides, among other things: "The finding of the court on the facts shall be subject to review without an exception thereto." The Johnstone Case, supra, has on this point been expressly overruled by the Supreme Court in the cases of Browne v. Giger, 221 Ala. 176, 128 So. 174; and Stafford et al. v. Colonial Mortgage & Bond Company, 221 Ala. 636, 130 So. 383.

Appellant complains of the several rulings of the court on the motion for a new trial and assigns error to this end. These several rulings of the trial court pertained and had reference to the trial court's discretion in questions of this character. These rulings in no manner related to the merits of the case, and, it affirmatively appearing from the record that the trial court had lost control of this question by the admitted hiatus at the time the court finally entered the order granting said motion, the subsequent order of the court in setting aside said order on May 11th was without error and in line with the duty resting upon the court under the then status of this matter. Margart's Case, 207 Ala. 604, 93 So. 505. This final order of the court had the effect of placing the case as it originally stood upon rendition of the judgment in favor of defendant.

The cause was tried by the court without a jury, and judgment was rendered upon testimony, the tendencies of which were in sharp conflict. Where this is true, the judgment of the court has the same effect as a verdict of a jury, and will not be disturbed unless it is apparent that the conclusion reached by the court is contrary to the weight of testimony. It is only where the judgment appealed from is plainly contrary to the weight of the testimony, or where there is no evidence to support it, will the judgment be reversed. Section 9498, Code 1923; Pinckard v. Cassels, 195 Ala. 353, 70 So. 153; Gillespie v. Bartlett & Byers, 211 Ala. 560, 100 So. 858.

A careful consideration of the evidence adduced upon the trial of this case convinces us that the judgment or finding of the trial court was amply sustained. As a matter of fact, it appears from the evidence offered by plaintiff alone that the court would have been justified in rendering the judgment here complained of. Certainly upon all the evidence adduced the conclusion reached by the trial court was in line with and based upon the great weight of the testimony. Appellant's earnest insistence to the contrary cannot be sustained, and as the decision of this case depended upon the facts it is not deemed necessary to write specifically upon the several insistences of error. After a careful and attentive consideration of each point of decision relied upon for a reversal, we have reached the conclusion that in no ruling of the court does reversible error appear. The judgment appealed from is therefore affirmed.

Affirmed.