189 So. 779

## CLOPTON v. STATE.

### 8 Div. 791.

Court of Appeals of Alabama.
June 6, 1939.

Perdue & Miller, of Moulton, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

534

SAMFORD, Judge.

The defendant was charged by affidavit that he did bet at a game of cards or dice, or some device or substitute for cards or dice, at a tavern, inn, or in a public house, highway, or some other public place, or at an outhouse where people resorted.

The evidence for the State tended to prove that the place where the game of cards was being played was in the private residence of one of the players. The parties engaged in the game of cards or dice, etc., were friends and neighbors. There was no evidence that the house where the playing was done was any one of the places designated by the Statute. If this conviction should be allowed to stand, then any citizen playing a game of cards in his private residence with a company of friends would be subject to prosecution. This has never been the law in this State. Skinner v. State, 87 Ala. 105, 6 So. 399; Smith v. State, 23 Ala. 39; Rogers v. State, 16 Ala.App. 179, 76 So. 416.

The judgment of the trial court is not sustained by the evidence. The Attorney General, however, raises the question that the judgment is not subject to review because the bill of exceptions shows no exceptions reserved to the action of the court on the motion for a new trial.

Section 9502 of the Code of 1923, provides: "In the trial of any cause without a jury in addition to the questions which may be under the existing laws presented to the supreme court for review, either party to the cause may, by bill of exceptions, also present for review the conclusion and judgments of the court on the evidence that the supreme court shall review the same without any presumption in favor of the court below on the evidence, and if there be error, shall render such judgment in the cause as the court below should have rendered, or reverse and remand the same for further proceedings in said court as the supreme court may deem right. The finding of the court on the facts shall be subject to review without an exception thereto."

This case was tried by the Judge without the intervention of a jury and is controlled on appeal by the above Section of the Code.

In cases such as the one at Bar, an exception is not necessary. The Court speaks through its judgments and if the judgment is not sustained by the testimony, as shown by the bill of exceptions, it cannot stand. This Court speaking through Walker, P. J., entertained a different view in Bridgman v. Doss, et al., 9 Ala.App. 615, 64 So. 173, and that case is expressly hereby overruled. The Supreme Court in Johnstone et al. v. O'Rear et al., 220 Ala. 219, 124 So. 743, overlooking Section 9502 of the Code of 1923, held to a different view, and the case of Johnstone et al. v. O'Rear et al., 220 Ala. 219, 124 So. 743, was expressly overruled by the Supreme Court in Browne v. Giger, 221 Ala. 176, 128 So. 174; and on the authority in the opinion of Browne v. Giger, supra, the Supreme Court in Stafford et al. v. Colonial Mortgage & Bond Co., 221 Ala. 636, 130 So. 383, held to the same view.

Where the trial is had before a Judge sitting without a jury, no exception is necessary, and it becomes the duty of the appellate court to review the judgment based upon the evidence as certified in the bill of exceptions.

Under the facts in this case, it would seem useless to remand this cause. Under the Statute it is the duty of this court to render judgment such as should have been rendered in the court below. The judgment of the lower court is therefore reversed for lack of proof, and a judgment will here be rendered discharging the defendant.

Reversed and rendered.