145 So.2d 848

**CALVERT FIRE INSURANCE COMPANY**

v.

**Claude G. PHILLIPS, d/b/a Phillips Motor Company.**

**I Div. 902.**

Court of Appeals of Alabama.

Oct. 16, 1962.

Jas. R. Owen, Bay Minette, for appellant.

Wilters, Brantley & Nesbit, Robertsdale, for appellee.

JOHNSON, Judge.

Appellee brought suit against appellant on a policy insuring against loss by theft. The case was tried by the court without a

jury. Judgment was rendered for plaintiff and defendant appealed.

The complaint was as follows:

"The Plaintiff claims of the Defendant SEVEN HUNDRED DOLLARS ($700.00) the value of an automobile, which the Defendant, on the 5th day of November, 1960, insured against loss or injury by fire, lightning, transportation, theft and other perils in the policy of insurance mentioned, for the term of ONE (1) year, which automobile was stolen on, to-wit, the 16th day of February, 1961, of which the Defendant has had notice."

■ The defendant pled the general issue. Plaintiff offered evidence to show the existence of the policy sued on and the loss of the automobile by theft. Defendant offered no evidence. The appellant argues the one assignment of error which, in substance, is that the court erred in rendering judgment for plaintiff, this for the reason that plaintiff failed to prove his complaint. Specifically it is insisted, there was a complete absence of proof that notice of loss had been given to defendant. The case of National Life & Accident Ins. Co. v. Winbush, 215 Ala. 349, 351, 110 So. 571, is authority for the proposition that an element of a prima facie case on a policy of insurance is proof of loss as required by the policy.

■ It is elemental that the burden is upon the plaintiff to prove his complaint. Central of Ga. R. Co. v. Cross, 192 Ala. 354, 68 So. 291. As we have shown, plaintiff alleged that notice of loss had been given to defendant.

■ Appellee agrees that notice of loss to the insurer is required by the policy and does not contend that the giving of notice was proved. The contention is that it was the burden of insurer to plead and prove the defense of failure of notice or proof of loss. This contention has been decided adversely to appellee in Life Ins. Co. of

Virginia v. Hanback, 250 Ala. 643, 35 So.2d 696, where it is said:

"The provisions of the policy introduced in evidence make proof of loss a condition precedent to recovery. When such a policy is sued on, the plea of the general issue casts on the plaintiff the burden of showing that due proof of loss has been made. If the policy does not make proof of loss a condition precedent to recovery, then failure of proof of loss must be specially pleaded."

Cases relied upon by appellee are not to the contrary. Sovereign Camp W. O. W. v. Dennis, 17 Ala.App. 642, 87 So. 616; National Union Fire Ins. Co. v. Lassetter, 224 Ala. 649, 141 So. 645; North Carolina Mutual Life Ins. Co. v. Terrell, 227 Ala. 410, 150 So. 318, 319, 89 A.L.R. 1459; National Fire Ins. Co. v. Kinney, 224 Ala. 586, 141 So. 350; Union Mutual Ins. Co. v. Peavy, 24 Ala.App. 116, 133 So. 300. The first of these dealt with a law entering into and modifying the contract. The next case dealt with reformation of an insurance contract. The next dealt with policy provisions entirely different from that here involved. The next dealt with demurrer to a replication as answer to a plea. The next dealt with the question of the sufficiency of the complaint which failed to allege the policy was in force.

■ Appellee further argues that by failing to raise the question of failure of proof of loss at the conclusion of the trial by asking for a new trial or for a ruling on the evidence, the appellant waived his right to have the matter considered on appeal.

By Section 260, Title 7, of the Code it is provided that where the case is tried by the court without a jury, "the finding of the court on the facts shall be subject to review without an exception thereto." Browne v. Giger, 221 Ala. 176, 128 So. 174.

In reviewing the case of Clopton v. State, 28 Ala.App. 533, 189 So. 779, which was tried by the Circuit Judge without the intervention of a jury, we find that this court said:

. "In cases such as the one at Bar, an exception is not necessary. The Court speaks through its judgments and if the judgment is not sustained by the testimony, as shown by the bill of exceptions, it cannot stand."

Since the judgment is not sustained by the record evidence, we have no alternative but to reverse it.

Reversed and remanded.