# Wheeler *v.* McGuire, Scoggins & Co.

*Action on Common Counts, for Goods Sold and Delivered.*

1. *Authority of agent, general or special.*—The general rule is, that one who deals with an agent is bound to inquire and ascertain the nature and extent of his authority; but, in the application of this rule, a distinction is observed between a special agency, which must be strictly pursued, and a general agency, which confers authority on the agent to transact the business in the usual and customary mode, and is measured by the scope and character of the business; yet, in either case, private instructions as to the mode of executing the agency, not intended to be communicated to third persons, can not affect the rights of one who

[Wheeler v. McGuire, Scoggins & Co.]

deals with the agent, unless he has actual notice thereof, or knowledge of facts sufficient to charge him with constructive notice.

2. *Same.*—In an action seeking to charge the principal for goods sold to his agent on credit, a charge instructing the jury that, "if defendant employed · said T., and put him in charge of his retail store at W. to conduct his mercantile business, and placed money to his credit in Louisville and Nashville, and authorized him to use this money, with cash receipts, in replenishing the stock, and instructed him not to purchase on credit; then T. was, as to innocent third persons, the defendant's general agent in that business, and had authority to do whatever was usual or customary in conducting the same;" and that defendant would be liable for the goods bought from plaintiffs on credit, "unless they had notice that T.'s authority was limited to purchases for cash," is erroneous, since the facts stated, without more, would not justify the inference by plaintiffs that the agent had authority to purchase goods on credit.

3. *Ratification of agent's acts.*—The principal may render himself liable for the unauthorized acts of his agent, by ratification, assent to, or acquiescence in previous acts, whereby the agent was held out to others as having the requisite authority; but, to establish his liability in such case, it must be shown that he had knowledge of the material facts, and that the other party dealt with the agent on the faith of such previous recognition of his acts.

4. *Revocation of agency; subsequent acts of agent.*—When an agent is clothed with general powers, persons who have dealt with him may continue to do so after the revocation of his agency, until they have notice thereof; and the principal is also liable for his subsequent dealings with other persons who, in common with the public at large, were justified in believing that such agency existed, and had no notice of its revocation.

5. *Estoppel against principal.*—The principal is not required to distrust his agent, nor to keep a vigilant watch over the manner in which he exercises his authority, and to see that his instructions are obeyed; but may safely act on the presumption that third persons, dealing with his agent, will ascertain the fact of agency, and the extent of the authority conferred; and he is not estopped by his negligence in this particular, unless it exceeds what is usual with good business men, and causes third persons to repose trust in the supposed agent, whereby loss ensues to them, without contributory negligence on their part.

6. *Notice to agent.*—The rule is settled here, that knowledge or notice on the part of an agent, to operate as constructive notice to his principal, must be acquired after the relation between them was formed.

7. *Sufficiency of evidence.*—If the evidence as to any fact or facts, the *onus* of proving which rests on ·the plaintiff, is evenly balanced, or in equilibrium, he is not entitled to a verdict.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

This action was brought by McGuire, Scoggins & Co., merchants and partners carrying on business in Nashville, Tennessee, against Joseph Wheeler; and was commenced on the 24th August, 1883. The cause of action was an account for goods alleged to have been sold and delivered to defendant, on the orders of T. A. Tatham as his agent, amounting to $291.13. The complaint contained only the common counts. The defendant filed a plea, verified by affidavit, to

the effect that, "as against himself, he denies the correctness of the account sued on, and, to the best of his knowledge, information and belief, he is not liable for any part of the amount claimed." On the trial, numerous exceptions were reserved by the defendant to the rulings of the court on evidence, charges given, and the refusal of charges asked by him; and all of these rulings are here assigned as error, 212 in number. The opinion of the court does not require a detailed statement of the facts.

J. WHEELER, for appellant, argued the assignments of error in detail, citing the following authorities on the points stated: (1.) There is no question of general agency in the case, Tatham being only a clerk with limited powers, and having no authority to purchase goods on credit. He was supplied with funds in Louisville and Memphis, with which to purchase goods, and had never been allowed to buy goods on credit; and no general agency can be inferred from the nature of his employment.—Amer. Lead. Cases, 679, ed. 1871; *Jaques v. Todd*, 3 Wend. 83; *Iowa v. Hendee*, 11 U. S. Digest, p. 8. § 163; *Angle v. Railroad Co.*, 9 Iowa, 487; *Cruzan v. Smith*, 41 Ind. 297; *Doan v. Duncan*, 18 Ill. 96; *Martin v. Farnsworth*, 47 N. Y. 558; *Schimmelpenick v. Bayard*, 1 Peters, 264. (2.) The goods having been bought on a credit by Tatham, without authority, his principal is not bound for them.—*Taft v. Baker*, 100 Mass. 68; *Mechanic's Bank v. Columbia Bank*, 5 Wheat. 326; *Clark v. Taylor & Co.*, 68 Ala. 453; *Fisher v. Campbell*, 9 Porter, 210; Smith on Contracts, 390, mar. 313; 5 Esp. 26; *East India Co. v. Hensley*, 1 Esp. 112; *Chaffee v. Stubbs*, 37 La. 658; *Thompson v. Stewart*, 3 Conn. 183; 3 T. R. 757; 1 Camp. 258; 10 Stew. N. J. 150; 21 How. 356; 1 Black, U. S. 194; 5 Hun, N. Y. 269; *Dozier v. Freeman*, 47 Miss. 647; *Parsons v. Armor*, 3 Peters, 413; *Lawrence v. Randall*, 47 Ala. 240; 27 Amer. Dec. 387; *Meyer v. Baldwin*, 52 Miss. 263; *Carter v. Burnham*, 31 Ark. 212; *Prather v. Ross*, 17 Ind. 495; Story on Agency, 147; *Scarbrough v. Reynolds*, 12 Ala. 225; *Falls v. Gaither*, 9 Porter, 605; *Stoddard v. McIlwain*, 7 Rich. Law, So. Car. 525. (3.) Sykes, plaintiffs' agent, who sold the goods to Tatham, had knowledge of Tatham's want of authority to buy on credit; and this was notice to plaintiffs, his principals.—Wade on Notice, § 687, 2d ed.; *LeNeve v. LeNeve*, 3 Atk. 646; 2 L. C. Eq., pt. 1, p. 35; *Brotherton v. Hatt*, 3 Vern. 574; *Dresser v. Norwood*, 17 C.

[Wheeler v. McGuire, Scoggins & Co.]

B. (N. S.) 466; *Williams v. Tatnall*, 29 Ill. 553; *Wiley, Banks & Co. v. Knight*, 27 Ala. 336; *Distilled Spirits*, 11 Wall. 356; *Hart v. Farmers' & Mechanics' Bank*, 33 Vt. 252; *Patton v. Insurance Co.*, 40 N. H. 375; *Pritchett v. Sessions*, 10 Rich. Law, 293; *Holden v. N. Y. & Erie Bank,* 72 N. Y. 293; *Hovey v. Blanchard*, 13 New Hamp. 149; *Bracken v. Miller*, 4 W. & S. 102; *Fishbeck v. Insurance Co.*, 54 Cal. 422; 57 Cal. 399. (4.) The court refused to allow the defendant to prove that the goods were not bought for his benefit, nor appropriated to his use, but were used by Tatham for his own individual purposes; and yet charged the jury that the defendant was liable, if the goods were appropriated to his use. If the use of the goods by the defendant, or their appropriation for his benefit, was an element of his liability, evidence disproving such use was certainly relevant and admissible.

Thos. N. McClellan, *contra.*—(1.) On the facts shown by the record, Tatham was the defendant's general agent in the management and conduct of the business of the store, buying and selling at discretion, for cash or on credit; and any private restrictions or limitations of his authority, imposed by his principal, can not affect the rights of third persons, who dealt with him in ignorance of them.—Whart. Agency, 129-35; Story on Agency, 17-20, 126; Smith's Mercantile Law, 59; *Louisville Coffin Co. v. Stokes*, 78 Ala. 372; *Fisher v. Campbell*, 9 Porter, 210; 15 East, 400; *Hildebrand v. Crawford*, 6 Lans. N. Y. 502; *Darnell v. Griffin*, 46 Ala. 520; *Lawrence v. Randall*, 47 Ala. 240; *Guesnard v. L. & N. Railroad Co.*, 76 Ala. 453; *Golding v. Merchant*, 43 Ala. 705; *Witcher v. Brewer*, 49 Ala. 119; *Waring v. Mott*, 30 Ala. 721; *Cook v. Cook*, 28 Ala. 660. (2.) Notice to Sykes, before his employment by plaintiffs, did not charge them with notice.—Story on Agency, § 140; *Lucas v. Bank of Darien*, 2 Stew. 321; *Frenkel v. Hudson*, 82 Ala. 158; *Terrell v. Br. Bank*, 12 Ala. 502; *Mundine v. Pitts*, 14 Ala. 84; *Pepper v. George*, 51 Ala. 190; *Reid v. Bank of Mobile*, 70 Ala. 199. (3.) On all the evidence, plaintiffs were entitled to the general charge; and any rulings on evidence, if erroneous, could have worked no injury to defendant.—*Norwood v. M. & C. Railroad Co.*, 72 Ala. 563; *Brewer v. Browne*, 68 Ala. 210; *McGehee v. Lehman*, 65 Ala. 316; *Fry v. Mob. Savings Bank*, 75 Ala. 473; *Harrison v. Par-*

*mer*, 76 Ala. 157; *Baker v. Barclift,* 76 Ala. 414; *Pritchett v. Pollock & Co.,* 82 Ala. 169.

CLOPTON, J.—Appellees seek to recover the price of certain goods, which they allege were sold and delivered to appellant through T. A. Tatham as his agent. The agency was not disputed; but defendant contends that Tatham was in his employ merely as a clerk, and was not authorized to purchase goods on a credit and bind him. The plaintiffs contend, that Tatham was a general agent, having authority to transact all of defendant's mercantile business, or was held out by defendant, or permitted to hold himself out as such, so as to justify the belief that he was clothed with the powers of a general agent. The question mainly controverted by the parties relates to the character of the agency, and the extent of his authority.

The general rule is, that one who deals with an agent is bound to ascertain the nature and extent of his authority; but, in the application of the rule, a distinction is observed between general and special agencies. The power to do every thing necessary to its accomplishment may be included in a particular agency, so that private instructions as to the particular *mode* of execution, which are not intended to be communicated, and are not communicated to the party with whom the agent may deal, will not be regarded as limitations on his power. But, with this qualification, a special authority must be strictly pursued. A general agent may exceed his express authority, and the principal nevertheless be bound. The scope and character of the business, which he is empowered to transact, is, as to third persons, the extent and measure of his authority. By his appointment, the principal is regarded as saying to the public, that he has the authority to transact the business in the usual and customary modes. Secret limitations on his power, or private instructions as to the mode of transacting the business, will not affect the rights of third persons, who have no notice of such limitations or instructions. When a general agent transacts the business intrusted to him, within the usual and ordinary scope of such business, he acts within the extent of his authority; and the principal is bound, provided the party dealing with the agent acts in good faith, and is not guilty of negligence which proximately contributes to the loss. *Louisville Coffin Co. v. Stokes,* 78 Ala. 372. Third persons, dealing with a person as a general agent, are not acquitted

[Wheeler v. McGuire, Scoggins & Co.]

of all duty to inquire and ascertain the character and extent of his agency; but if, on inquiry, it is ascertained to be general, actually or apparently, they are not bound to inquire whether there are secret limitations, or private instructions, unless they have knowledge of facts which should put them · on such inquiry. As to these issues, the burden is on the plaintiffs, to establish by proof that Tatham was the general agent of defendant, or that the latter, by acts, conduct, or negligence, justified the belief that he had authority to purchase goods on credit for the store. If these issues be found in favor of plaintiffs, no subsequent misconduct of the agent, misappropriating the goods or otherwise, will affect their rights.

After having given a general charge, which in the main is in accord with the foregoing principles, the court instructed the jury, at the instance of the plaintiffs, "that if defendant employed Tatham, and put him in charge of his retail store at Wheeler's Station to conduct his mercantile business, and placed money to his credit in Louisville, Kentucky, and Nashville, Tennessee, and authorized him to use this money, and also that taken in from cash sales, to replenish the stock, and instructed him not to purchase on credit; he was, as to innocent third persons, the general agent of defendant in that business, and had authority to do whatever was usual or customary in conducting the same; and if plaintiffs sold to Tatham, as such agent, the goods for the price of which this suit is brought, their verdict must be for plaintiffs, unless they had notice that Tatham's authority was limited to purchases for cash." In considering the correctness of the instruction, any evidence, if there be such, tending to show that Tatham was apparently clothed with the powers of a general agent, can not be taken into consideration. The proposition of the charge is, that, as to third persons, the facts recited therein, of themselves, without the aid of extrinsic facts and circumstances, constituted. Tatham a general agent, possessing authority to purchase goods on credit; in other words, that he was a general agent, as to plaintiffs, though they may have known the terms of his employment, including the deposit of money with which to purchase goods, except the instruction not to purchase on credit.

The most general powers that may be conferred on an agent are necessarily limited to the business or purpose for which the agency is created. The terms of the employment

[Wheeler v. McGuire, Scoggins & Co.]

of Tatham—"in charge of his retail store at Wheeler's Station to conduct his mercantile business"—in connection with the limitations on his authority to purchase, limit his powers as a general agent, to the transaction of the local mercantile business of defendant. In the matter of buying goods, his power was expressly restricted to the use of money specially deposited for that purpose, and to cash receipts. In appointing Tatham his agent, defendant withheld power to buy and pledge his credit under any circumstances. By the terms of his commission, Tatham may be regarded a general agent to conduct the local business of the store, with special powers to purchase. To construe it otherwise, would be to establish the rule, that a merchant who furnishes his clerk with funds to purchase goods and make immediate payment, clothes him with power to buy on his principal's credit, and that persons dealing with him are relieved of the obligation to ascertain the nature and extent of his warrant of authority. This would press too far the application of the doctrine of general agency.—*Jaques v. Todd*, 3 Wend. 83; *Clealand v. Walker*, 11 Ala. 1058; 1 Amer. Lead. Cases, 679; 1 Pars. Contr. 43.

When an express authority is given, the extent thereof must be ascertained from its terms; and another or different authority can not be implied, unless facts are shown from which such other authority may be presumed, or arises by implication of law. Therefore, proof of facts or circumstances from which the authority is presumed, or arises by implication of law—an appearance of authority, caused not by the agent himself, but by the defendant—is essential to his liability for Tatham's acts, not within the scope of his commission. In such case, it is incumbent upon the plaintiff to prove that defendant, by ratification, assent, or acquiescence in previous acts, held out Tatham as clothed in the character in which he assumed to act, which fairly led the plaintiffs to believe that more extensive powers had in fact been given, than were conferred by the terms of the appointment. On this question, all the circumstances of the transaction, the previous conduct of the defendant, and the usages of the business, may be properly considered. It should, however, be remarked, that in order to bind the defendant by ratification, assent, or acquiescence in prior acts of his agent in excess of the authority actually given, knowledge of the material facts must be brought home to the defendant. And if, in the absence of express authority to bind defendant

[Wheeler v. McGuire, Scoggins & Co.]

in the manner in which he is sought to be charged, his liability is rested on previous recognition of similar acts of Tatham as his agent, it is requisite to show that plaintiffs sold the goods to Tatham on the faith of such previous recognition.—*St. John v. Redmond*, 9 Port. 428; *Blevins v. Pope*, 7 Ala. 371. In this aspect of the case, any evidence is relevant, which shows prior similar acts of Tatham, and tends to prove or disprove defendant's knowledge, and plaintiffs' reliance on his recognition of them.

The charge under consideration is objectionable in another respect. The authority, as hypothetically stated therein, was conferred in November, 1881, when the defendant was on the eve of leaving home, to be absent for months. There is evidence tending to show that on his return, in June, 1882, the authority to purchase was revoked. The transactions with the plaintiffs were in January, February, and March, 1883, and were the first transactions which Tatham had with plaintiffs as agent of defendant. An authority conferred is always revocable, unless coupled with an interest, or founded on a valuable consideration; and may be revoked expressly, or by acts clearly inconsistent with its continuance. When third parties have dealt with an agent clothed with general powers, the agency continues as to them, after revocation, until they have notice thereof. Also, the principal may be liable, for the acts of the agent after revocation, to third persons, who never dealt with him previously, if they, in common with the public at large, are justified in believing that such agency existed, and have no notice of its revocation.—*Claflin v. Lenheim*, 66 N. Y. 301; 1 Pars. Contr. 70. On the case as presented by the record, these questions should have been submitted to the jury. They were withdrawn from their consideration by the instruction to find a verdict for the plaintiffs, independent of the evidence in regard to the revocation of the authority of Tatham, and notice to plaintiffs.

The court also charged the jury, that if the defendant placed Tatham in charge of his retail store, with instructions to buy for cash only, it was the duty of defendant to keep himself posted as to the manner in which his agent conducted his business, and to see that his instructions were obeyed; and if he knew the agent was buying on credit, or could have known it by the exercise of ordinary diligence, he is estopped to deny the authority of Tatham to purchase on credit. The rule is stated by Mr. Wharton as follows:

"When a principal conducts his affairs so negligently, as to lead third persons to reasonably suppose that his agent has full powers; then, if the agent exceeds his authority, the principal must bear the loss. It is true that the principal is not chargeable with *culpa levissima*. He is not chargeable, in other words, with the consequences of those slight negligences into which good business men are liable to fall. But, if he is negligent to an extent beyond what is usual with good business men in his department, and if, in consequence of his negligence, third parties repose trust on the supposed agent, then the loss, if loss accrue, must fall on the principal."—Whart. on Agency, § 123. Though mere negligence, mere want of ordinary diligence, may furnish the agent an opportunity of undue assumption of authority, it does not, of itself, work an estoppel. A principal is not required to distrust his agent, nor to keep a vigilant watch over the manner in which he exercises his authority, and to see that his instructions are obeyed. He may act on the presumption that third parties, dealing with his agent, will not be negligent in ascertaining the extent of his authority, as well as the existence of his agency. And negligence, to constitute a ground of liability, must have caused the plaintiffs to repose trust on the authority of Tatham, and the negligence of plaintiffs must not have proximately contributed to the loss. The charge exacts of the principal a degree of diligence not required by the law.

Many cases hold that notice to an agent is notice to his principal, though acquired before the relation is created, if present in his mind at the time of the particular transaction, and he can communicate it or act upon it, without violating a legal moral duty. It was, however, early settled in this State, that knowledge of an agent, to operate as constructive notice to the principal, must have been acquired after the relation of principal and agent was formed. This rule having been followed ever since, whatever might be our opinion were it an open question, it would not be prudent to disturb it now. *Mundine v. Pitts*, 14 Ala. 84; *McCormick v. Joseph*, 83 Ala. 401; *Frenkel v. Hudson*, 82 Ala. 158.

If the jury should find that the evidence as to any fact, essential to plaintiffs' right of recovery, and as to which the burden of proof rests on them, is evenly balanced, or in equilibrium, their verdict must be for the defendant.—*Vandeventer v. Ford*, 60 Ala. 610.

We have not deemed it necessary to specifically consider

[Moses Bros. v. Noble's Adm'r.]

the numerous exceptions to the rulings of the court on the evidence, and in instructing the jury, each of which is assigned for error. We have endeavored to select such as related to the issues properly made by the evidence in its different aspects, and involved the principles on which the rights of the parties must ultimately depend, and which should govern the court in putting the case before the jury. Evidence which proximately tends to prove or disprove these principal issues, should be received; and that excluded which is incapable of affording a reasonable presumption of their truth or falsity. And charges based on partial facts, ignoring other material facts—such as a bare shipment of goods to defendant, and the appropriation of them to his use by him or his authorized agent, omitting reference to the fact of a prior purchase, and Tatham's authority—are calculated to mislead and confuse the jury, and should not be given.

Reversed and remanded.