# Davidson *v.* T. L. Farrow Mercantile Co.

## *Detinue.*

(Decided April 6, 1915. 68 South. 602.)

1. *Principal and Agent; Authority of Agent; Personal Property.*—The owner of personal property may recover the property or its value from a third person to whom it has been sold or transferred by another without the owner's authority, unless the person so disposing of it has been invested by the owner with indicia of title, or clothed with apparent authority to make the disposition.

2. *Same.*—Authority to sell personal property may be inferred from the owner's acquiescence in and ratification of previous, unauthorized sales.

3. *Same; Burden of Proof.*—One who relies on a purchase of personal property from a third person not the owner, has the burden of proving the authority of such third person to make the sale.

4. *Same; Evidence.*—The fact that a son of plaintiff sold a bale of cotton to defendant, and plaintiff acquiesced, without showing that such cotton belonged to plaintiff, is not evidence of the implied authority of the son to dispose of plaintiff's cotton, and does not authorize a charge on that issue.

5. *Same.*—The fact that plaintiff's son was allowed to purchase goods on plaintiff's credit, is not evidence of the son's implied authority to sell the property of plaintiff.

6. *Charge of Court; Applicability to Evidence.*—A charge not based on the facts in evidence is properly refused.

7. *Landlord and Tenant; Crop Lease.*—Under section 4742, where the relation of laborer and hirer exist, the laborer has no title which will authorize him to dispose of the crop raised, having a lien only for his part thereof.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Detinue by Henry Davidson against the T. L. Farrow Mercantile Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The facts sufficiently appear. The following charges were given for defendant: (1) The court charges the jury that, if on one or more occasions the son of plaintiff with his knowledge brought cotton to town and sold it, and that plaintiff had acquiesced in said sale, and

the circumstances surrounding the son and the bale of cotton in question were such as to honestly and reasonably cause defendant's agents to believe that the son had authority to sell the cotton, your verdict should be for defendant.

(2) That, if the course of dealing between plaintiff and defendant, or its officers, as to cotton and the handling and selling of cotton, was such as to reasonably cause defendant's officers to honestly and reasonably believe that plaintiff's son was authorized to sell the cotton and receive the check for it, and that, so believing, Mr. Farrow bought the cotton from plaintiff's son and paid him for it, your verdict should be for defendant.

(3) The court charges the jury that an implied authority on the part of the son to sell the cotton of the father may be inferred from one or more transactions in the past with a full knowledge on the part of the father when all of the facts and circumstances, taken together, satisfy the jury reasonably that from the dealings between the parties in the past defendant's officer or general manager believed reasonably that the son was authorized to sell the cotton and receive pay for it, and, if you are so reasonably satified from this evidence, you will find for defendant.

(4) Authority to sell for another may be inferred from an acquiescence in previous sales of a like character.

(5) If the son who sold the cotton to defendant owned an interest in the cotton in question at the time of the sale, your verdict will be for defendant.

W. C. RAYBURN, for appellant.

JOHN A. LUSK & SON, for appellee.

THOMAS, J.—This suit is one of detinue brought by the appellant (Davidson) against the appellees (T. L. Farrow Mercantile Company) for the recovery of one bale of cotton.

The evidence tended to show without dispute that the title to the cotton was in the plaintiff, it being a bale of cotton that was raised on his premises by certain of his tenants, and that had been turned over to him as rent. It further appeared without conflict in the evidence that it had been ginned and packed into a bale, and was lying on the ginhouse grounds, when plaintiff's son, Lum Davidson, took it, without's plaintiff's knowledge, authority, or consent, and carried it to Guntersville and sold it to the defendants, who paid him by check the market price therefor; that so soon as plaintiff heard that his son had taken the bale of cotton to Guntersville he followed him there, and, on finding that the son had sold it to the defendants, made demand on them for it. They refused to give it up, and he brought this suit for its recovery.

(1) The owner of personal property may in general recover it, or its value, from third parties to whom it may have been sold or transferred by another, without such owner's authority, ratification, or consent, unless, however, that other has been invested by such owner either with the indicia of title to the property, or is by him clothed with apparent authority to make such disposition. In the latter event, although there is in fact no real authority, the law implies one in favor of the purchaser, and the owner is estopped from denying such authority and from asserting his title against such purchaser, if the latter in good faith, acting upon such apparent authority, and honestly believing that such appearances represent the real condition as to the authority, purchases the property for a valuable con-

[Davidson v. T. L. Farrow Mercantile Co.]

sideration, it being the rule that, where one of two innocent parties must suffer, it must be the one who made the commission of the wrong possible.—*Voss v. Robertson*, 46 Ala. 490.

(2) Such authority from the owner to sell and dispose of the property may be implied from this acquiescence in and ratification, with full knowledge on his part, of previous sales made by such person to the purchaser of similar property belonging to the owner. For instance, if the plaintiff here, prior to the time of the sale by his son to the defendants of the bale of cotton here in controversy, had knowledge that his son had shortly before, during that cotton season, sold other bales of his cotton to defendants, and received the pay therefor, and that, upon being fully informed thereof by the defendants, he made no objection, but ratified without protest the act of his son in making such sales, then he is estopped from saying that the son had no authority to make the particular sale here, unless the plaintiff shows that before this sale he notified defendants that the authority of his son had been terminated. —*Wheeler v. McGuire et al.*, 86 Ala. 398, 5 South. 190, 2 L. R. A. 808; *Womack v. Bird*, 63 Ala. 508; *Clark v. Taylor*, 68 Ala. 461; *Tenn. River Co. v. Kavanaugh*, 93 Ala. 329, 9 South. 395; *Learned Lumber Co. v. Ohatchie Lumber Co.*, 111 Ala. 456, 17 South. 934; 1 Am. & Eng. Ency. Law (2d Ed.) 964.

(3) The burden of proof was on the defendants; however, to show either an express authority in the son to sell the bale of cotton here involved, or facts of the kind mentioned from which such authority might be implied.—*Wheeler v. McGuire, supra.*

(4) There is no evidence whatever of an express authority, and the only evidence of an implied authority is the fact that on an occasion shortly previous to the

present sale the son brought a bale of cotton to town and sold it to the defendants, and that, according to some of the testimony, his father, the plaintiff, was present, and, according to other testimony, that the father came in defendants' store shortly afterwards, and, upon being told by them that they had bought a bale of cotton from the son, made no objection. There is not a line of evidence, however, tending to show that that bale of cotton belonged to the father. In fact, the evidence rather affords a contrary inference, and we would judge that it belonged to the son, and was one of the two bales of cotton shown to have been individually raised by him that year.

(5) The further fact shown by the defendants to the effect that the son and other members of plaintiff's family were allowed by him to buy goods on credit at defendants' store and have them charged to the account of plaintiff furnished no evidence whatever that the son was authorized to sell cotton belonging to his father. —*Wheeler v. McGuire, supra.*

(6) It follows that written charges 1, 2, 3, and 4, given at defendants' request, were error under the facts of this case.

(7) The court also erred in giving written charge 5 at the request of defendants, as there was no evidence that the son had any interest in the bale of cotton here in controversy; it appearing without dispute that this bale of cotton was not one of the two bales of the cotton that the son had raised that year on the plaintiff's plantation. Even if it was, if the relation between him and plaintiff was that of hirer and hireling, and not that of landlord and tenant, he would have no such interest as would empower him to sell and confer title upon another to the bale of cotton without the consent of plaintiff.—Code, §§ 4742, 4743, and cases cited. As

to which was the relation does not appear from the evidence.

The court should have given the affirmative charge requested by plaintiff. It follows that the judgment must be reversed, and the cause remanded.

Reversed and remanded.