## Hopkins *v.* Buckley, Terry & Co.

[71 South. 877.]

Principal and Agent. *Apparent authority. Purchase on credit.*

Where appellant purchased at a trustee's sale a bankrupt stock of goods and placed the bankrupt in charge thereof, with directions to sell it out at retail, depositing the money taken each day in a bank to appellant's credit and further agreed with the bankrupt that when he should turn over to him an amount of

money sufficient to reimburse him for the expense incurred by
him in purchasing the stock of merchandise and also the account
due him that the bankrupt should have whatever remained of
the stock; and the bankrupt placed the name of the owner over
the store and purchased and placed in this stock of merchandise
several bills of goods and paid for them out of the proceeds of
sales made by him of merchandse turned over to him by appel-
lant, appellant protesting against his so doing, in such case
authority to purchase goods on the credit of appellant was not
within the apparent scope of the authority conferred by appel-
lant upon the bankrupt, which was simply to sell the stock of
goods, and account to him for the proceeds thereof.

APPEAL from the circuit court of Lauderdale county.
HON. J. L. BUCKLEY, Judge.

Suit by Buckley, Terry & Company against W. E. Hop-
kins. From a judgment for plaintiff, defendant appeals.

Appellant purchased at the trustee's sale a stock of
goods formerly belonging to T. J. Fisher, a bankrupt, and
placed Fisher in charge thereof, with directions to sell it
out at retail, depositing the money taken each day in a
bank to appellant's credit. He further agreed with Fisher
that when he (Fisher) should turn over to him an amount
of money sufficient to reimburse him for the expense in-
curred by him in purchasing the stock of merchandise and
also the account due him, or rather his firm, by Fisher,
that Fisher should have whatever remained of the stock,
pursuant to this arrangement Fisher took charge of and
commenced to sell the stock of merchandise, erecting with
Hopkins' knowledge and consent over the door of the house
in which the business was conducted a sign on which was
printed in large letters the name, "W. E. Hopkins."
Fisher bought and placed in this stock of merchandise
several bills of groceries from various parties, including
appellee, paying therefor out of the proceeds of sales made
by him of merchandise turned over to him by appellant.
Appellant was advised that Fisher had made these pur-
chases, and seems to have protested against his contin-
uing so to do. A part of the goods purchased by Fisher
from appellee were not paid for, but were charged by his

direction to appellant, but without appellant's knowledge or consent. After Fisher had sold off a part of this stock of merchandise appellant sold and delivered the remainder thereof to him, the consideration therefor being Fisher's promissory note for the balance of the money appellant was to receive from the proceeds of the sale of the stock under the agreement hereinbefore set forth. Fisher failed to pay appellee for the goods purchased from it, whereupon this suit was instituted to collect it from appellant. A jury was waived, and the cause was submitted to the judge below, who gave judgment in favor of appellee.

*Amos & Dunn,* for appellant.

*Baskin & Wilbourn,* for appellee.

SMITH, C. J., delivered the opinion of the court.

(After stating the facts as above). Authority to purchase goods on the credit of appellant was not within the apparent scope of the authority conferred by him upon Fisher, which was simply to sell the stock of goods and account to him for the proceeds thereof. *Wheeler* v. *McGuire,* 86 Ala. 398, 5 So. 190, 2 L. R. A. 808.

Reversed, and judgment here for appellant.

*Reversed.*