(88 South. 206)

MARX & CO. v. MAHAN. (6 Div. 790.)

(Court of Appeals of Alabama. Jan. 18, 1921.)

1. TRIAL ⬤⟞11(2)—DEFENSE THAT PLAINTIFF WHO WAS ENTITLED TO STOCK SIGNED NAME OF DECEASED OWNER AVAILABLE AT LAW.

Where a certificate of stock which stood in the name of plaintiff's husband passed into the hands of defendant, the defense that plaintiff, who was entitled to the stock, signed her husband's name, is available in an action in detinue, and so a motion to transfer the case to equity docket was properly denied.

2. CORPORATIONS ⬤⟞149—ONE HAVING GIVEN THIRD PERSON INDICIA OF OWNERSHIP TO TRANSFER STOCK CANNOT RECOVER IT FROM PURCHASER IN GOOD FAITH.

Where plaintiff, the owner of corporate stock, gave possession to third person, clothing him with indicia of ownership, and such person in the ordinary course of business for value disposed of it to defendant, plaintiff, having placed it in the power of such person to defraud, cannot recover the stock from defendant.

3. PRINCIPAL AND AGENT ⬤⟞117(1) — AUTHORITY TO SIGN TRANSFER OF STOCK NEED NOT BE IN WRITING.

Where the owner of corporate stock authorized a third person to dispose of the same,

authority to sign the transfer need not be in writing.

4. CORPORATIONS ⬤➾149—RECOVERY IN DETINUE FOR STOCK AS BOUGHT BY DEFENDANT IN DUE COURSE FROM THIRD PERSON DEPENDS ON WHETHER PLAINTIFF INVESTED SUCH PERSON WITH INDICIA OF OWNERSHIP.

In detinue for corporate stock, bought by defendant in due course from third person, the determinative question is whether plaintiff invested such third person with the indicia of ownership.

5. CORPORATIONS ⬤➾149—DEFENDANT CLAIMING STOCK AS BONA FIDE PURCHASER FROM THIRD PERSON HELD TO HAVE BURDEN OF PROVING SUCH PERSON INVESTED WITH INDICIA OF OWNERSHIP.

In detinue for corporate stock, where defendant, claiming as a bona fide purchaser from third person, asserted that plaintiff invested a third person with indicia of ownership, and so could not claim the stock as against it, the burden of proving such defense was on defendant.

6. CORPORATIONS ⬤➾149—CHARGE ON RIGHT OF PLAINTIFF TO RECOVER CORPORATE STOCK BOUGHT IN COURSE OF BUSINESS FROM THIRD PERSON INSUFFICIENT.

In detinue to recover a certificate of stock to which plaintiff was entitled and which stood in the name of her deceased husband, but had been bought by defendant in the ordinary course of business from third person, a charge that, if defendant did not indorse the name of her husband on the stock, and did not sell the stock, but the endorsement was put thereon by some other person, then plaintiff could recover, is too narrow, not presenting the defense that plaintiff by clothing the third person with indicia of ownership and placing it in his power to deceive, precluded herself from urging title as against the purchaser.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action in detinue by Mrs. R. V. Mahan against Marx & Co., to recover a stock certificate. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

The charge of the court excepted to is as follows:

"So, gentlemen, if you find from the evidence in this case that the plaintiff did not indorse this stock—in other words, didn't indorse the name of J. W. Mahan on the stock—and did not sell the stock to any other person, but that the indorsement on it of J. W. Mahan was put on by some other person, the plaintiff in this case would be entitled to recover. That is the question for you to decide when you retire to the jury room; the first thing for you to decide is whether the plaintiff did make the indorsement of J. W. Mahan on the stock, this certificate of stock. If you find from the evidence that she did not so indorse it, and find from the evidence she did not sell it or transfer the stock to any other person, then she would be entitled to recover in this case."

The conversation referred to between Anderson and Kayser relative to the stock is as follows:

"Mr. Kayser told me that the stock came into their possession from Christian, and that, at the time he received the stock from Christian, Christian told them then and there that J. W. Mahan was dead, and that Mrs. Mahan had signed his name to the stock. I told him that he had no title to the stock, and I made a demand upon him to return the stock, and he went away to consult his attorney whether he should return the stock or not."

It was shown that Kayser was vice president of the defendant corporation, and that he came to see Anderson, representing the plaintiff, relative to his demand for the stock.

Tillman, Bradley & Morrow, J. S. Stone, and J. S. Coleman, all of Birmingham, for appellant.

Title to stock may pass by delivery and without indorsement. 182 Ala. 161, 62 South. 685; 10 Ala. 82, 44 Am. Dec. 472. The defendant was entitled to the affirmative charge. 112 Ala. 488, 20 South. 418; 145 Ala. 600, 40 South. 567; 165 Ala. 320, 51 South. 635; 196 Ala. 516, 71 South. 715; 200 Ala. 122, 75 South. 571; 10 R. C. L. 765. Anderson's evidence was inadmissible. 202 Ala. 238, 80 South. 76; 152 Ala. 227, 44 South. 699, 126 Am. St. Rep. 23; 161 Ala. 332, 50 South. 81; 183 Fed. 977, 106 C. C. A. 317; 22 C. J. 308.

W. H. Anderson, of Birmingham, for appellee.

Capital stock is not negotiable paper, and, not having clothed another with indicia of ownership or authority to sell the stock, plaintiff was entitled to recover, even if defendant was an innocent purchaser. 85 Ala. 565, 5 South. 317, 2 L. R. A. (N. S.) 836, 7 Am. St. Rep. 73; 98 Ala. 544, 13 South. 6; 113 Ala. 380, 21 South. 75; 7 R. C. L. 278; 10 Cyc. 619.

SAMFORD, J. This suit was originally filed in the name of R. V. Mahan, as executrix, etc., against the defendant, and claimed in three counts damages for conversion, for money had and received, and for the possession of one stock certificate representing 20 shares in the Pan-American Life Insurance Company. Afterwards, by agreement of counsel on file, the suit resolved itself by amendment into a suit between plaintiff as an individual and defendant for the recovery of stock certificate No. 4720, representing 20 shares of stock in the Pan-American Life Insurance Company. The plea of defendant was in short by consent, the general issue with leave to give in evidence, etc.

J. W. Mahan, the original owner of the stock, died, leaving plaintiff as his widow the sole owner of the stock sued for. Plaintiff

delivered this certificate of stock to one J. M. Christian, for what purpose is not quite clear, demanding from him a receipt, and in response to that demand Christian gave her a paper purporting to be a receipt for $200 in payment for subscription to shares in the Lanzius Air Craft Company, upon which he wrote: "Representing 20 shares of Pan-American Life Insurance Company." Plaintiff could not read or write the English language. Christian was a stock salesman, selling stock in the Lanzius Air Craft Company, had an office in the Brown-Marx Building in Birmingham, and was a comparative stranger to plaintiff. Plaintiff testified that she did not sell the stock to Christian, did not authorize him to sell it, and that she did not sign the name "J. W. Mahan" to the transfer on the back of the stock certificate, and some time after delivering the stock to Christian she called at his office in an effort to regain possession of the stock, but failed to see Christian, who was gone and has not been since seen. Christian sold the 20 shares of stock to the defendant and delivered at the time the certificate, with the transfer on the back made out to J. M. Christian, signed "J. W. Mahan," and witnessed by J. M. Christian. The transfer from Christian to defendant was regular, in due course of business, and for a valuable consideration.

[1] The defendant moves the court to transfer the cause to the equity docket. This motion was properly overruled, as, if the plaintiff, being the sole and only owner of the 20 shares of stock, evidenced by the certificate, actually signed the name of J. W. Mahan to the transfer or authorized it to be signed or delivered the possession of the certificate of stock to Christian with indicia of title, and Christian sold the stock to defendant, plaintiff would be bound by the transaction, so far as defendant is concerned, and such defense would be available in law as well as in equity. Mobile Life Ins. Co. v. Randall, 71 Ala. 220; Davidson v. Farrow Mer. Co., 13 Ala. App. 614, 68 South. 602.

[2] It is not contended in this case, nor would such contention be supported by the evidence, that plaintiff actually made a sale of the 20 shares of stock to J. M. Christian, but it is contended that she put into his hands, with such indicia of authority as would enable him to dispose of the certificate of stock here claimed. If this was a suit between plaintiff, on the one hand, and Christian, on the other, under the facts as here presented, it would present no difficulties, but, being between plaintiff and a third party, who admittedly acquired the certificate, in the usual course of business, for value, and from one to whom plaintiff had voluntarily delivered the possession, we are driven to apply the rule that, where one of two innocent parties must suffer, he who has been negligent must be the loser. If,

as matter of fact, plaintiff signed the certificate of transfer, and delivered it into the hands of Christian, thereby putting into Christian, power to perpetrate a fraud on defendant, and defendant, acting in good faith, bought and paid for the stock, plaintiff could not recover as against this defendant. Davidson v. Farrow Mer. Co., 13 Ala. App. 614, 68 South. 602. Upon this proposition the trial judge clearly charged the jury. If plaintiff sold the stock to Christian, in payment for shares in the Air Craft Company, as might be indicated by the receipt given her by Christian, at the time the certificate was delivered, although she may not have signed the transfer, or if the shares were delivered to Christian to be by him disposed of and the proceeds applied to the payment of shares in the Air Craft Company, or if plaintiff authorized another to sign the transfer of the certificate at the time of delivery to Christian, plaintiff could not recover in this action against defendant, where it is shown without conflict that defendant bought the shares of stock in the usual course of business and for value.

[3] In order for a sale of the shares to have been made, or the certificate delivered with authority to dispose of, or the authorization of some one else besides plaintiff to sign the name "J. W. Mahan" to the transfer, it was not necessary that such sale or authorization be in writing. McGowin v. Dickson, 182 Ala. 161–177, 62 South. 685; Thompson v. Hudgins, 116 Ala. 93, 22 South. 632.

[4] So the real question in this case is: Was Christian invested by the plaintiff, either with the indicia of title to the property, or was he clothed by her with apparent authority to make the sale? If either of these is true, a fact to be gathered from the entire evidence, the surroundings and conditions of the parties, and not alone as to whether plaintiff actually signed the transfer the plaintiff could not recover. Davidson v. Farrow Mer. Co., 13 Ala. App. 614, 68 South. 602.

[5, 6] If plaintiff actually signed the transfer, or if she authorized it to be signed by another, and delivered it into the hands of Christian, she could not now as against an innocent holder for value repudiate her act, or if she sold the stock to Christian, or authorized him to sell the stock, delivering to him the certificate for that purpose, although such sale or authorization was not in writing, and although she did not sign the transfer, she could not recover in this action. On the contrary, if plaintiff did not sell the stock to Christian or authorize its sale by him, or if she did not place the stock certificate voluntarily in his hands with an apparent indicia of title or clothe him with apparent authority to make sale of the stock, she would be entitled to recover the proper-

ty, even from one who purchased for value, such purchaser buying caveat emptor. Of course, the burden of proof is on the defendant to establish the defense which would preclude a recovery. 5 Michie's Dig. 714, § 88.

That part of the court's oral charge to which exception was taken is not broad enough to cover the propositions of law applicable to the facts of this case and is error.

The testimony of the witness Anderson was properly admitted; the conversation was not an effort to negotiate a compromise.

The other questions presented will not likely arise on another trial.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.