C. L. GRAY LUMBER CO. *v.* SHUBUTA MOTOR CO.

(Division A.  March 12, 1934.)

[153 So. 155.  No. 31075.]

**Bozeman & Cameron**, of Meridian, for appellant.

**H. F. Case** and **B. C. Adams**, both of Quitman, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment against the appellant on a promissory note and an open account. The note was executed, and the account made by an agent of the appellant, and its contention is that the court below should have directed a verdict in its favor, for the reason that it appears from the evidence that the agent was without authority to execute the note or make the account.

The appellant is a corporation, whose main office and place of business is at Meridian, Mississippi. It owns and operates at Kiwanee in Clark county, Mississippi, a planing mill and commissary, and also owns standing timber situated several miles from Hiwanee. It entered into a contract with E. L. Wetherbee to manage and operate its planing mill and commissary; to cut its timber, saw it into lumber at a mill owned by Wetherbee, to deliver the lumber so sawed to the planing mill, where it would be planed and disposed of as the appellant should direct.

The expense of operating the planing mill was to be paid by the appellant, but the expense of cutting, sawing, and delivering the lumber to the planing mill was to be borne by Wetherbee. For this Wetherbee's compensation was to be one hundred dollars per month and "so much per thousand feet" (the amount of which does not appear) for the lumber delivered at the planing mill. There was a sign at the commissary reading "Wayne Lumber Company."

Wetherbee purchased an automobile truck for use in hauling timber to his mill and lumber therefrom to the planing mill, and gave a promissory note therefor, the signature to which is "Wayne Lumber Company, by E. L. Wetherbee." He also purchased a lot of automobile supplies and parts which constitute the account sued on. Wetherbee had no express, and appellant did not hold him out as having, authority to purchase trucks and accessories therefor on its credit, unless such a holding out can be inferred from the facts hereinbefore stated. Wetherbee died before the trial, and the appellant did not know that the appellee looked to it for payment for the automobile and supplies therefor until after his death. He carried an account with a bank in the name of "Wayne Lumber Company, E. L. Wetherbee, Agent." The deposits to this account consisted of checks from the appellant for the compensation it was due him under the contract. This account may be dismissed from view as it can have no bearing hereon.

One dealing with an agent may rely not only on his express authority and such as may be inferred therefrom, but also on his apparent authority, which is "the power of an apparent agent to affect the legal relations of an apparent principal with respect to a third person by acts done in accordance with such principal's manifestations of consent to such third person that such agent shall act

as his agent.'' American Law Institute, Restatement, Agency, section 8.

Under his contract Wetherbee was the appellant's agent for the management and control of its commissary and planing mill. The commissary may be left out of view as the debts sued on were not contracted in connection therewith. As to the cutting and delivering of the timber to the mill, he was an independent contractor, but we will assume that persons dealing with him under the circumstances had the right to assume that his agency covered the latter as well as the former. In other words, that he was the apparent agent of the appellant as to the cutting and hauling of the timber. He had no express authority to contract debts, of the character here sued on, on the credit of the appellant, and the only manifestation of assent by the appellant to exercise authority in excess of that expressly conferred is such as is implied by his appointment to manage and control the planing mill, which we will assume apparently included the cutting of the timber and its delivery to the planing mill. There being no evidence of any custom or usage to the contrary, Wetherbee's apparent authority was such only as can be implied from his real and apparent appointment as the appellant's manager for the above-stated purpose. ''The words 'manage' and 'manager' are not of precise legal import. It is consistent with the idea of management that some one else shall determine plans and policies which the manager is to execute.'' American Law Institute, Restatement, Agency, section 73, comment a; 1 Mechem on Agency, section 979. Whether a manager of a business has implied authority to purchase supplies and equipment therefor on the owner's credit depends on the character of the business and custom and usage relative thereto. In the absence of custom and usage, the line of demarcation between when such authority will be implied and when it will not is frequently close.

The successful management of a planing mill for another does not necessarily require authority in the manager to purchase—leaving emergencies out of view—supplies and equipment therefor. So to do may properly rest with the owner. The manager of a retail store, as such, may (McClosky Bros. v. Hood Milling Co., 119 Miss. 92, 80 So. 492), or may not (Hopkins v. Buckley, Terry & Co., 111 Miss. 621, 71 So. 877), have such authority; although he may be expressly authorized to purchase for cash (Wheeler v. McGuire, Scroggins & Co., 86 Ala. 398, 5 So. 190, 2 L. R. A. 808). The answer to the question depends on the character of the business. The manager of a plantation, employed ''to manage and control it as their (the owner's) agent and to cultivate it for their account,'' has no such implied authority. Meyer v. Baldwin, 52 Miss. 263. The last of these cases is not distinguishable in principle from the one here under consideration, and is controlling.

The court below should have granted the appellant's request for a directed verdict.

Reversed and judgment here for the appellant.