21 So.2d 850

BELCHER v. HUBBARD.

6 Div. 171.

Court of Appeals of Alabama.

March 27, 1945.

Rehearing Denied April 17, 1945.

Jackson, Rives & Pettus, of Birmingham, for appellant.

G. R. Harsh, of Birmingham, for appellee.

CARR, Judge.

Plaintiff below obtained a judgment in the Circuit Court of Jefferson County for overtime compensation, liquidated damages and attorney's fee, under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. From this judgment defendant below brings this appeal.

During the time in question, appellant was engaged in the manufacture of lumber and appellee was employed as a common laborer, as distinguished from a skilled workman. It is without contention that appellant was governed, with reference to plaintiff, by the Fair Labor Act, supra.

In the primary court the factual controversy centered around a dispute in the evidence as to the time appellee began working for appellant and the number of days and hours he was engaged in his labor while employed.

It could serve no good purpose for us to attempt an analysis of the tendencies of the testimony pro and con. The evidence was in conflict, and, without doubt, a question for the determination of the jury was presented. Tabler, Crudup & Co. v. Sheffield Land, Iron & Coal Co., 87 Ala. 305, 6 So. 196.

There are thirty-six assignments of error noted in the record. We will consider only those that are treated and argued in brief of counsel. Supreme Court Rule 10, Code 1940, Tit. 7 Appendix; Powell v. Bingham, 29 Ala.App. 248, 196 So. 154.

It was developed on cross examination of appellee's witness, Ernest Smith, that he settled his claim for extra compensation with an attorney representing appellant. The amount paid to witness was a small sum compared to the amount asserted by appellee in the case at bar. It was the contention of appellee that the witness adjusted his demands without full benefit of the knowledge of his legal rights. Against objections, Mr. Smith, on re-direct examination, was permitted to state that he was not represented by counsel when he accepted the adjustment of his claim. Clearly, after appellant's attorney developed this testimony relating to the settlement, the jury was entitled to know all the facts material to the matter. Whether or not the witness was aided by advice of counsel was a pertinent disclosure.

This disposes of assignment of error No. 8, which is grouped in argument with assignment No. 9. The latter will not be treated therefore. Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479.

Appellant's witness, J. W. Smith, stated on direct examination that he was employed by appellant as foreman of the log cutting crew, of which group appellee was a member. As such foreman, he kept appellee's time and reported same to the office. A dispute arose in the case concerning the correctness of the recorded time appellee claimed he worked. It was developed from the testimony that witness Smith, if an independent contractor, would profit more if his pay roll was in less amount than that correctly reflecting the time put in by the men under his employment. On cross examination he was asked if he did not testify on the trial of another case that he was not working for appellant but was an independent contractor. Against the imposition of general objections and also that it was an effort to impeach the witness on an immaterial matter, the trial court required the answer. This ruling is made the basis of assignment of error No. 14. It cannot be successfully advanced that the rule does not permit an effort to impeach a witness in the manner here attempted, if, of course, the inquiry is material to the issues involved. Corona Coal & Iron Co. v. Callahan, 202 Ala. 649, 81 So. 591.

We entertain no doubt that the declaration of the witness on the other trial, and which is sought as a basis of impeachment in the instant case, is material. What we have said above demonstrates the reason for our conclusions.

In support of assignment of error No. 15, appellant makes the insistence that the trial court was in error in overruling objections to another question propounded to Mr. Smith. An examination of the record discloses that the presiding judge correctly observed: "Overruled, because the witness has already answered in the negative while you were making the objection." Assuming, but not deciding, that the state of the record permits us to review the ruling (Empire Securities Co. v. Webb, 202 Ala. 549, 81 So. 51), the negative answer to the question removed any injury that

98

may have inured to appellant. Supreme Court Rule 45.

Argument in brief in support of assignment of error No. 16 is grouped with assignment No. 15. We will pretermit a consideration of the latter. Authority, supra.

■ It is urged for error that charge No. 3 should have been given for appellant. The charge is covered by given charges numbered 4 and 9 and also by the specific instruction of the court in his oral charge. Title 7, Sec. 273, Code 1940.

We come to the final question for review which is brought forth in argument in support of assignment of error No. 36—the action of the trial court in overruling appellant's motion for a new trial.

The position advanced is based primarily on the amount of the jury verdict as it reflects a finding from the evidence in the case. The verdict indicates the following conclusions: Two hundred dollars actual damage, a like amount as liquidated damage, and one hundred dollars attorney's fee, making a sum total of five hundred dollars. Acme Lumber Co., Inc. v. Shaw, 243 Ala. 421, 10 So.2d 285.

It is evident that the testimony for plaintiff below discloses much uncertainty and indefiniteness as to the exact number of hours and days he was engaged in his labors for appellant.

Two factual elements were involved for the determination of the jury: The scale of pay and the number of hours appellee was permitted or required to work. The latter element only is in controversy.

■ The statute applicable contains simple language and affords no difficulty in interpretation. For all time in excess of the stipulated hours for a work week, the employee shall receive for such excess hours compensation at a rate of not less than one and one-half times the regular rate. Tennessee C. I. & R. Co. v. Muscoda Local No. 123 et al., 5 Cir., 137 F.2d 176. This provision was made very clear to the jury in the trial court's oral charge.

■ The rule applicable to the instant inquiry is well recognized and has received abundant consideration by our courts. We are forced to the conclusion that the verdict of the jury, sustained by the judge trying the case, is not clearly and palpably wrong and unjust. Acme Lumber Co., Inc. v. Shaw, supra; Cobb v. Malone, 92 Ala.

630, 9 So. 738; Tennessee C. I. & R. Co. v. Stevens, 115 Ala. 461, 22 So. 80.

The judgment of the primary court is due to be affirmed. It is so ordered.

Affirmed.