55 So.2d 132

**SHAW v. BAILEY et al.**
4 Div. 173.

Court of Appeals of Alabama.
Oct. 2, 1951.

Rehearing Denied Oct. 16, 1951.

Patterson & Patterson, Phenix City, for appellant.

W. R. Belcher, Phenix City, for appellee.

PRICE, Judge.

This was a statutory action in detinue, brought for the recovery of a Pontiac automobile by Kelly Shaw against Paul Bailey and Parker Bailey, individuals, doing business as Five Points Motors. The case was tried by the court, without the intervention of a jury, and resulted in a verdict for defendants.

It is undisputed that on September 5, 1950, one Hubert A. Miles sold to appellees, defendants below, a 1941 Model Pontiac coupe.

Appellant contended that the said Miles was employed by him as foreman in the body shop, and was not employed as a salesman and had no authority to sell automobiles.

Miles frequently drank to excess and at such times plaintiff would let him go. He had been fired and taken back probably as many as ten times since he was first employed in 1943. On this occasion, after being discharged for being drunk, and not doing his work properly, Miles went to one of plaintiff's used car lots and took the Pontiac, telling the manager, Brooks, that he was taking the automobile to the shop for minor repairs. Appellant strenuously insists that Miles stole the automobile and that no title was conveyed to appellee, and that appellant procured a warrant for Miles' arrest, charging him with larceny.

Appellee's testimony was to the effect that Miles had printed cards showing he was a salesman for Kelly Shaw, and that he handed such cards out at Shaw's place of business. That they had previously purchased another car from Miles, as a salesman for the S. & S. Motor Company, in which company Kelly Shaw was a partner, paying cash and taking a bill of sale from Miles. That they bought the Pontiac, the subject of this suit, from Miles, giving him a check, made payable to Hubert A. Miles, as representative of Kelly Shaw, for $270.00, and $5.00 in cash. That Miles delivered to them a bill of sale, executed before a Notary Public, and signed "Hubert A. Miles, Rep. Kelly Shaw Motor Co."

Appellee also introduced testimony by Harold G. Hester, of the Red Dot Motor Company, that in August, 1950, he purchased a Mercury automobile from Miles, and before completing the purchase, he telephoned Kelly Shaw Motor Company, and was informed that Miles had authority to sell the car and execute a bill of sale therefor. He further testified that Miles brought the Pontiac to his place and offered it for sale, but they failed to agree on a price for the car, and that witness' son-in-law rode back to Kelly Shaw's in the Pontiac with Miles to look at other cars.

J. B. Kirkland testified that in August, 1950, on two or three occasions Miles brought cars to his place of business and offered them for sale, representing himself as being the agent of Kelly Shaw.

In the case of Davidson v. T. L. Farrow Mercantile Company, 13 Ala.App. 614, 68 So. 602, 603, the rule is broadly stated:

"The owner of personal property may in general recover it, or its value, from third parties to whom it may have been sold or

transferred by another, without such owner's authority, ratification, or consent, unless, however, that other has been invested by such owner either with the indicia of title to the property, or is by him clothed with apparent authority to make such disposition. In the latter event, although there is in fact no real authority, the law implies one in favor of the purchaser, and the owner is estopped from denying such authority and from asserting his title against such purchaser, if the latter in good faith, acting upon such apparent authority, and honestly believing that such appearances represent the real condition as to the authority, purchases the property for a valuable consideration, it being the rule that, where one of two innocent parties must suffer, it must be the one who made the commission of the wrong possible. Voss v. Robertson, 46 Ala. [483] 490.

"Such authority from the owner to sell and dispose of the property may be implied from his acquiescence in and ratification, with full knowledge on his part, of previous sales made by such person to the purchaser of similar property belonging to the owner. For instance, if the plaintiff here, prior to the time of the sale by his son to the defendants of the bale of cotton here in controversy, had knowledge that his son had shortly before, during that cotton season, sold other bales of his cotton to defendants, and received the pay therefor, and that, upon being fully informed thereof by the defendants, he made no objection, but ratified without protest the act of his son in making such sales, then he is estopped from saying that the son had no authority to make the particular sale here, unless the plaintiff shows that before this sale he notified defendants that the authority of his son had been terminated. Wheeler v. McGuire [Scoggins & Co.], 86 Ala. 398, 5 So. 190, 2 L.R.A. 808; Womack v. Bird, 63 Ala. [500] 508; Clark v. Taylor, 68 Ala. [453] 461; Tenn[essee Transp.] River Co. v. Kavanaugh, 93 Ala. [324] 329, 9 So. 395; Learned [Letcher] Lumber Co. v. Ohatchie Lumber Co., 111 Ala. [453] 456, 17 So. 934; 1 Am. & Eng. Ency. Law (2d Ed.) 964." See also Alabama Mills, Inc., v. Smith, 237 Ala. 296, 186 So. 699.

The question presented by this appeal as to whether Miles had the ostensible authority to sell the Pontiac automobile was one of fact. As stated, the case was tried before the court without a jury, and the judgment of the court upon the testimony has the weight of a jury verdict. It is clearly established by the appellate courts of this State that great presumption is indulged in favor of the correctness of the trial court's conclusions, it having had the opportunity of hearing the witnesses and observing their demeanor on the stand, and its findings will not be disturbed unless plainly contrary to the great weight of the evidence. Thornhill v. Gulf Coast Produce Exchange, 219 Ala. 251, 121 So. 912; Johnstone v. O'Rear, 220 Ala. 219, 124 So. 743; Meadows v. Hulsey, 246 Ala. 261, 20 So.2d 526, and cases there cited.

After a careful consideration of the evidence in this case we cannot say the judgment was palpably wrong or unjust.

Appellant groups together in his first assignment of error the action of the court in overruling plaintiff's objections to the introduction of the printed sales cards of Hubert A. Miles and Tommie L. Brooks. The record discloses the court made no ruling on the objection to the introduction of the Brooks card. This assignment being without merit, under the rule, this court is precluded from a consideration of the assignment of error as to the Miles card. Belcher v. Hubbard, 32 Ala.App. 95, 21 So.2d 850; Sovereign Camp, W. O. W. v. Waller, 232 Ala. 170, 167 So. 563; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645.

The burden of proving either an express authority in Miles to sell the automobile involved here, or facts from which such authority might be implied, was on defendants, and it was proper to permit the introduction in evidence of the bill of sale to appellee for the Pontiac automobile, and the bill of sale from Miles to Red Dot Motor Company for the Mercury automobile. Wheeler v. McGuire, 86 Ala. 398, 5 So. 190, 2 L.R.A. 808; Davidson v. T.

L. Farrow Mercantile Co., 13 Ala.App. 614, 68 So. 602.

The judgment of the trial court is affirmed.

Affirmed.